NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2012
Decided March 28, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2498

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 90-CR-146 |
| | |
| ERNEST PARKER, | Lynn Adelman, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Ernest Parker[*] pleaded guilty in 1990 to separate counts of possessing crack cocaine and heroin with intent to distribute. *See* 21 U.S.C. § 841(a)(1). The district court sentenced him to concurrent terms of 142 months' imprisonment. Two years later, while incarcerated, Parker used prison telephones to coordinate sales of powder cocaine within and outside of the prison. A jury found him guilty of conspiracy, *id.* §§ 846, 841(a)(1), and in 1993 he was sentenced to a consecutive prison term of 420 months for this new offense. We affirmed that conviction and sentence. *United States v. James*, 40 F.3d 850 (7th Cir. 1994).

In 2008 Parker moved under 18 U.S.C. § 3582(c)(2) for a reduction in his 1990 prison sentences based on retroactive amendments to the sentencing guidelines for crack offenses. *See* U.S.S.G. app. C, amends. 706, 715. (In his motion Parker cited only Amendment 706, but

---

[*] Parker uses the name Earnest Parker-Bey in this litigation, but the judgment of conviction and records from the Federal Bureau of Prisons still identify him as Ernest Parker. We do the same.

it is Amendment 715 which lowers the offense level for crimes involving both crack and another drug.) Had these amendments been in effect when he first was sentenced in 1990, Parker argued, his offense level would have been reduced by two. The government opposed the motion on the ground that Parker already had completed his prison terms for the 1990 convictions and was serving his sentence for the conspiracy involving *powder* cocaine. Parker countered that the Federal Bureau of Prisons is required to treat multiple terms of imprisonment "as a single, aggregate term of imprisonment," *see* 18 U.S.C. § 3584(c), and asserted that the district court should do the same.

The district court concluded that Parker is ineligible for a reduced sentence and denied the motion. The court acknowledged that § 3584(c) instructs the BOP to administer multiple sentences in the aggregate but explained that the statute does not prevent a sentencing court from running a new term of imprisonment consecutively to an existing term. Parker must have completed his sentence for the 1990 crack offense, the court reasoned, by the end of 2002. Thus when he filed his motion under § 3582(c)(2) in 2008, Parker was serving his consecutive sentence for the powder offense, and the retroactive amendments did not affect the guidelines range for that sentence.

Parker filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and seeks permission to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Yet there is no right to appointed counsel in a proceeding under § 3582(c)(2), *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999), and thus counsel need not have complied with the *Anders* safeguards before moving to withdraw, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *DiAngelo v. Ill. Dep't of Pub. Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989). Nevertheless, we invited Parker to respond to his attorney's motion, though he has not done so. *See* CIR. R. 51(b).

A district court may shorten a prison sentence if a retroactive amendment to the sentencing guidelines has lowered the defendant's imprisonment range and a reduction would be consistent with the Sentencing Commission's policy statements. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1); *United States v. Dillon*, 130 S. Ct. 2683, 2690 (2010). Amendment 715 reduced by two levels the offense level for most drug crimes involving both crack and another controlled substance, and had this amendment been in effect when Parker was sentenced in 1990, his base offense level would have been reduced from 32 to 30. *See* U.S.S.G. § 2D1.1 cmt. n.10(D)(I), app. C, amend. 715. But Parker cannot benefit from the amendment because he already had completed his sentence for the crack offense when he moved for a reduction, and the Commission's policy statements provide that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C); *see Forman*, 553 F.3d at 588; *United States v. Barresi*, 361 F.3d 666, 674 (2d Cir. 2004). Parker has been detained since July 1990,

and even if he received no credit for good behavior, he would have finished serving his crack sentence in 2002. Parker's consecutive sentences were aggregated by the BOP for administrative purposes, but the sentences nevertheless remain distinct terms of imprisonment imposed for his separate convictions. *See United States v. Stewart*, 595 F.3d 197, 202 (4th Cir. 2010); *United States v. Gamble*, 572 F.3d 472, 474–75 (8th Cir. 2009). Applying the amendment to Parker's completed crack sentence would not be consistent with the Commission's policy statements, and the district court appropriately denied Parker's motion under § 3582(c)(2).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.