# United States Court of Appeals
## For the First Circuit

No. 15-1416

UNITED STATES OF AMERICA,

Appellee,

v.

ANTHONY VAUGHN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Lynch, Selya, and Kayatta,
Circuit Judges.

David J. Apfel, with whom Goodwin Procter LLP was on brief,
for appellant.
Jennifer Hay Zacks, Assistant United States Attorney, with
whom Carmen M. Ortiz, United States Attorney, was on brief, for
appellee.

November 18, 2015

**LYNCH**, **Circuit Judge**. Anthony Vaughn appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Because he is ineligible for the reduction, we affirm.

I.

This sentencing appeal is about two separate and independent federal crimes, committed at separate times and sentenced separately by two different judges.

As to the first crime, on April 11, 2002, Vaughn pleaded guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court calculated a guideline sentencing range of 168 to 210 months of imprisonment. On August 28, 2002, Vaughn was sentenced to 168 months of imprisonment.

As to the second crime, on November 27, 2012, while Vaughn was serving his 2002 sentence, he pleaded guilty to a separate charge of conspiracy to possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The charge related to Vaughn's attempts to have heroin smuggled into the federal prison where he was imprisoned. On June 13, 2013, Vaughn was sentenced as a career offender to 120 months of imprisonment, to run consecutively to the 168-month term he was already serving. Asked by the district court about the interaction between the two sentences, the probation officer stated during the

sentencing hearing that the Bureau of Prisons (BOP) would "aggregate the entire sentence," meaning that "[BOP] will add it to the other [2002] sentence and then reconfigure the whole sentence."

Vaughn completed the part of his prison time attributable to his 2002 sentence on December 27, 2014. He remains in prison because of his second crime. His anticipated date of release is September 12, 2023.

In November 2014, Vaughn filed a pro se motion in the district court for reduction of his sentence under 18 U.S.C. § 3582(c)(2). His motion was based on U.S.S.G. Amendments 782 and 788, which retroactively reduced by two levels the base offense level for many drug offenses. He argued that he was entitled to a sentence reduction of 33 months to reflect the lower guideline sentencing range as to his first crime. The district court appointed counsel for Vaughn and requested a joint status report outlining the parties' positions.

In the joint status report, the government opposed the motion. It argued that only Vaughn's 2002 sentence was eligible for reduction but that there could be no reduction on that sentence because he had already finished serving that sentence. Vaughn did not contest the government's position that his 2013 sentence,

standing alone, was ineligible for reduction.[1]  However, he argued that he was serving a single aggregated sentence of 288 months (168 months on the 2002 sentence plus 120 months on the 2013 sentence), and that he was entitled to a 33-month reduction on that combined sentence.

On March 26, 2015, the district court denied the motion in a summary order.

## II.

### A.    Standard of Review and Applicable Law

We review a denial of a sentence reduction for abuse of discretion.  United States v. Caraballo, 552 F.3d 6, 8 (1st Cir. 2008).  Because Vaughn claims legal error by the district court and "[a] material error of law is perforce an abuse of discretion," id., our review is effectively de novo.  United States v. Fanfan, 558 F.3d 105, 107 (1st Cir. 2009).

A federal court generally "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  One exception is that:

> [I]n the case of a defendant who has been
> sentenced to a term of imprisonment based on
> a sentencing range that has subsequently been
> lowered by the Sentencing Commission . . . the
> court may reduce the term of imprisonment,
> after considering the factors set forth in

---

[1] Both parties agree that the 2013 sentence is ineligible for reduction because that sentence was based on a career offender base offense level, which was unaffected by Amendment 782.  See United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008).

- 4 -

> section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant policy statement is contained in U.S.S.G. § 1B1.10.

Section 3582(c)(2) establishes a two-step inquiry under which the district court must first determine whether a reduction is authorized by § 1B1.10 and, if so, the extent of any authorized reduction. Dillon v. United States, 560 U.S. 817, 826–27 (2010). The second step is to determine whether a reduction is warranted according to the factors set out in 18 U.S.C. § 3553(a). Id. at 827. The decision at step two is "a matter committed to the sentencing court's sound discretion." United States v. Aponte-Guzmán, 696 F.3d 157, 161 (1st Cir. 2012).

Section 1B1.10 authorizes a sentence reduction only when one of an enumerated list of guideline amendments applies. U.S.S.G. § 1B1.10(a)(1), (d). Among those amendments is Amendment 782, effective as of November 1, 2014, which reduced by two levels the base offense level for many drug offenses. Amendment 788 amended § 1B1.10 to authorize district courts to apply Amendment 782 retroactively, provided that "the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1).

- 5 -

B.    Eligibility for Sentence Reduction

        The district court did not explain the reason for its denial of Vaughn's motion.  It is unclear whether the district court found that Vaughn was ineligible for a sentence reduction or whether it thought he was eligible but exercised its discretionary power under § 3582(c)(2) to deny the reduction.  We believe from the circumstances that the denial was based on ineligibility.[2] Because we conclude that Vaughn was ineligible for the sentence reduction, we affirm the result.  We resolve the problem on the plain language of the relevant statutes and guideline provisions.

        Vaughn is ineligible for relief under Amendment 782 because he has already served the entirety of his otherwise eligible sentence.  Because the applicable policy statement provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served,"  U.S.S.G. § 1B1.10(b)(2)(C), no reduction is available to him.  The sentence he is currently serving is a separate sentence for his second crime that is not eligible for a reduction under Amendment 782.

        Vaughn argues that he is nonetheless eligible for a sentence reduction because he is serving an aggregate sentence of

_____

        [2] We encourage the district courts to give some explanation for such orders, so as to avoid questions about the grounds on which they are based.

- 6 -

288 months that should be considered a single, undivided whole. He relies principally on 18 U.S.C. § 3584(c), which provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." He also points to the probation officer's statement at his 2013 sentencing hearing that BOP will "aggregate the entire sentence."

Section 3584(c) does not support Vaughn's position because it specifies that aggregation is "for administrative purposes," and the issue at hand is judicial, not administrative. The BOP is responsible for administration of sentences. See United States v. Wilson, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." (emphasis added)). A sentence reduction under § 3582(c)(2), on the other hand, involves discretionary decision-making by the district court and cannot be described as administrative. Applying § 3584(c) to this situation would essentially rewrite the statute to extend aggregation to all purposes.

Vaughn also relies on case law from the Seventh Circuit and various district courts that have, in limited circumstances, aggregated consecutive sentences for the purpose of a § 3582(c)(2) sentence reduction. See United States v. Clarke, 499 F. App'x 579, 582 (7th Cir. 2012); United States v. Kaman, No. 3:09-CR-141,

2015 WL 2226213, at *2 (E.D. Tenn. May 12, 2015); United States v.
Brown, No. 2:04-cr-00088, 2013 WL 1819795, at *5-6 (W.D. Pa. Apr.
29, 2013); United States v. Wilkerson, No. 00-cr-10426, 2010 WL
5437225, at *1-3 (D. Mass. Dec. 23, 2010); United States v. Martin,
602 F. Supp. 2d 611, 614-15 (E.D. Pa. 2009); United States v.
Bolin, No. 2:02-cr-176-1, 2008 WL 928397, at *1-3 (S.D. Ohio Apr.
7, 2008). But see United States v. Yarber, No. 00-CR-20031, 2008
WL 695362, at *3-4 (C.D. Ill. Mar. 12, 2008). To the extent that
those cases relied on § 3584(c)'s direction to the BOP to aggregate
consecutive sentences for administrative purposes, their reasoning
is unpersuasive as to our problem, for the reason stated above.
Furthermore, those cases are distinguishable on the basis that
each of them concerned consecutive sentences that were imposed at
the same time by the same judge. Even supposing that
simultaneously imposed consecutive sentences could be aggregated
for the purpose of a § 3582(c)(2) sentence reduction -- an issue
that we do not decide here -- this case is different because
Vaughn's sentences were imposed separately. Simultaneously
imposed consecutive sentences often do not make clear in what order
the sentences should be served, so fairness concerns may be raised
by a denial of a § 3582(c)(2) sentence reduction on the basis that
the only eligible part of the total time of imprisonment has
already been served. See Brown, 2013 WL 1819795, at *6 (expressing
concern that it was "impossible to discern" the order of the

- 8 -

sentences); cf. Jones v. Thomas, 491 U.S. 376, 386 (1989) ("There is no indication that the order of the sentences was of the slightest importance to the sentencing judge, and there is no reason constitutional adjudication should turn on such fortuities."). There is no such fairness concern when, as here, a defendant commits a crime while incarcerated and receives an additional consecutive sentence while he is already serving the first sentence. In fact, other courts that have considered a sentence reduction for the first of two separately imposed consecutive sentences have rejected Vaughn's argument. See United States v. Parker, 472 F. App'x 415, 417 (7th Cir. 2012); United States v. Gamble, 572 F.3d 472, 473-75 (8th Cir. 2009).

Vaughn also makes an unpersuasive textual argument. Relying on the district court's reasoning in Bolin, Vaughn begins with the premise that a defendant is eligible for a sentence reduction when he "is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered." Bolin, 2008 WL 928397, at *2 (quoting U.S.S.G. § 1B1.10(a)(1)). Vaughn argues that § 1B1.10 "refers simply to 'a' term of imprisonment, not to any specific portion of the consecutive or continuous term of imprisonment impacted by the amendment." Id. But that argument assumes its own conclusion. The fact that § 1B1.10 uses a singular "a" says nothing about

whether Vaughn is serving one single term of imprisonment or two separate back-to-back terms of imprisonment for purposes of § 3582.

Finally, Vaughn analogizes to Supreme Court precedent in habeas cases concerned with the "in custody" requirement. In Garlotte v. Fordice, 515 U.S. 39 (1995), the Supreme Court held that a habeas petitioner remained "in custody" and could challenge a state conviction underlying the first of two consecutive sentences even after the technical expiration of the first sentence because the consecutive sentences "compos[ed] a continuous stream." Id. at 41. The Court relied on its earlier decision in Peyton v. Rowe, 391 U.S. 54 (1968), which held that prisoners incarcerated under consecutive state court sentences could apply for federal habeas relief from sentences they had not yet begun to serve. Id. at 55. However, it is far from certain whether Garlotte applies to separately imposed consecutive sentences. The Court in Garlotte placed weight on the portion of the sentencing hearing in which the prosecutor expressed indifference about the order of the two consecutive sentences and the defense counsel did not argue the issue. 515 U.S. at 41–42. The Court expressed its concern that it was mere happenstance that the sentences were not in inverse order such that the petitioner would have been granted relief under Peyton. Id. at 44–45. It is not clear whether it was necessary to the Court's holding that the consecutive sentences

there were simultaneously imposed.[3]  Even if Garlotte does apply

to separately imposed consecutive sentences, federal habeas is a

unique context and the "in custody" requirement has traditionally

received a liberal construction that may be fairly viewed as sui

generis.  See id. at 45 (recognizing that the Court has "very

liberally construed the 'in custody' requirement for purposes of

federal habeas" (quoting Maleng v. Cook, 490 U.S. 488, 492 (1989)

(per curiam))); see also Schlesinger v. Councilman, 420 U.S. 738,

752 (1975) (recognizing special constitutional status resulting

from unique interest in maintaining the availability of habeas).

As such, we decline to rely on the habeas analogy.

                               III.

    For the reasons stated, we affirm.

---

    [3] Two circuits have decided it was not.  See DeFoy v.
McCullough, 393 F.3d 439, 442 (3d Cir. 2005); Foster v. Booher,
296 F.3d 947, 950 (10th Cir. 2002).  Our circuit has not decided
the issue, and we express no opinion on the question here.