**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-1423

UNITED STATES,

Appellee,

v.

EDUARDO PÉREZ-FIGUEROA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Howard, Chief Judge,
Stahl and Barron, Circuit Judges.

Rafael F. Castro Lang on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson
Pérez-Sosa, Assistant United States Attorney, Chief, Appellate
Division, and Julia M. Meconiates, Assistant United States
Attorney, on brief for appellee.

August 9, 2016

**BARRON**, **Circuit Judge**.  Eduardo Pérez-Figueroa appeals the sentence he received after he pleaded guilty to conspiracy to commit money laundering and drug trafficking.  We affirm.

**I.**

Pérez pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  The drug trafficking conspiracy involved the transportation of cocaine from Saint Maarten, Netherlands Antilles, to both Puerto Rico and the continental United States.  The money laundering conspiracy involved the concealment of drug trafficking proceeds as legitimate income derived from winning the Puerto Rico lottery.

Pérez entered the pleas on January 14, 2014, in connection with a plea agreement.  The agreement recommended a sentencing range, based on a calculation of the applicable range under the version of the Guidelines then in effect, of 168 to 210 months' imprisonment (assuming a criminal history category of I for Pérez).

At the sentencing hearing, the District Court calculated a sentencing range, under the version of the Guidelines then in effect, of 135 to 168 months' imprisonment.  In doing so, the District Court applied "Amendment 782" to the Guidelines, which became effective on November 1, 2014 and which "reduced by two

levels the base offense level for many drug offenses." United States v. Vaughn, 806 F.3d 640, 643 (1st Cir. 2015). Pérez requested a sentence of 84 months' imprisonment, which was below both the amended Guidelines range and the minimum sentence prescribed by statute. This request was based, in part, on a motion that Pérez had filed with the District Court prior to sentencing, concerning his pre-sentence detention.

The District Court ultimately denied Pérez's request and sentenced him to 156 months in prison -- a sentence 12 months below the top end of the applicable Guidelines range. The District Court sentenced Pérez to a term of supervised release of seven years on the drug trafficking count, above the five-year term prescribed by the Guidelines, see 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5D1.2 & cmt. 6, and to a term of supervised release of three years on the money laundering count, to be served concurrently.

Although there was a waiver-of-appeal provision in Pérez's plea agreement, the government concedes that this provision was not triggered because the District Court did not sentence Pérez in accordance with the terms of the plea agreement. We thus turn to Pérez's challenges.

## II.

We start with two challenges that Pérez makes that pertain to U.S.S.G. §5K1.1 ("5K1.1"). Neither has merit.

Pérez first contends that the District Court erred in concluding that it had no 5K1.1 motion before it when it imposed the sentence. The government contends that, due to cursory briefing, Pérez has waived any contention that the District Court erred in this regard. But even if we assume that there was no waiver, Pérez's claim fails.

Our review of Pérez's contention is only for plain error,[1] see United States v. Ríos-Hernández, 645 F.3d 456, 462 (1st Cir. 2011), and Pérez's contention can only succeed if the motion that Pérez filed constituted a "motion of the government" within the meaning of 5K1.1. But Pérez provides no authority for the strange proposition that his own motion constitutes a "motion of the government" under 5K1.1. See Wade v. United States, 504 U.S. 181, 185-86 (1992) (describing the decision to file a 5K1.1 motion as one committed to the "prosecutor's discretion" (emphasis added)); see also United States v. Ayarza, 874 F.2d 647, 653 (9th Cir. 1989) (noting, in holding that 5K1.1 does not violate a defendant's constitutional right to due process, that "it is rational for Congress to lodge some sentencing discretion in the prosecutor, the only individual who is" in a position to make the necessary assessment under the relevant provision (emphases

---

[1] Pérez's arguments below were based on what he perceived to be the government's failure to follow through on its promise to file a 5K1.1 motion, and not on the District Court's failure to treat his motion as a bona fide 5K1.1 motion.

- 4 -

added)). Accordingly, this challenge clearly fails. United States v. Morosco, 822 F.3d 1, 21 (1st Cir. 2016) (finding no plain error where defendant cited no authority and this Court knew of no authority that supported defendant's argument).

Pérez's other argument regarding 5K1.1 is no stronger. He contends that the District Court erred in rejecting his claim at sentencing that the prosecutor's decision not to file a 5K1.1 motion was based on an "unconstitutional motive" in violation of Wade, 504 U.S. at 185-86.[2] Because Pérez has preserved this claim, we review for abuse of discretion, according de novo review to questions of law and clear error review to questions of fact. See United States v. Mulero-Algarín, 535 F.3d 34, 39 (1st Cir. 2008).

The prosecutor explained the reasons for the decision not to file a 5K1.1 motion, which the court largely accepted. Given that Pérez does not challenge the court's findings on appeal, and given that those findings provide an adequate basis for the prosecutor's decision, Pérez has not shown that the prosecutor acted improperly in declining to file a 5K1.1 motion. See Mulero-Algarín, 535 F.3d at 40 (concluding that the government could

---

[2] Pérez also contends that the decision was improper because it was "not rationally related to any legitimate Government[al] end." Wade, 504 U.S. at 186. We have made clear, however, that "[a] motive not rationally related to any legitimate governmental purpose comes within the compass of th[e] prohibition [against grounding the decision not to file a 5K1.1 motion in an unconstitutional motive]." United States v. Mulero-Algarín, 535 F.3d 34, 39 (1st Cir. 2008).

withhold a similar motion in view of the defendant's initial "minimization" of his role in the offense, even though the defendant later "trie[d] to correct his retinency" (citing United States v. Licona-López, 163 F.3d 1040, 1044 (8th Cir. 1998) ("[T]he government does not act irrationally in refusing to file" such a motion for a defendant who has been untruthful with the authorities.))); United States v. Davis, 247 F.3d 322, 323, 328 (1st Cir. 2001) (affirming District Court's conclusion that no Wade violation occurred where defendant complied with the requirements in some respects but "was admittedly reticent" in others). We thus cannot say that the District Court abused its discretion in denying Pérez's Wade-based challenge.

## III.

Pérez also argues that his sentence is unreasonable, both procedurally and substantively. We address each contention in turn.

## A.

When reviewing a sentence for procedural reasonableness, "we must 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an

explanation for any deviation from the Guidelines range.'" United States v. Ayala-Vazquez, 751 F.3d 1, 29 (1st Cir. 2014) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). "We make use of a 'multi-faceted' abuse of discretion standard to make these determinations," id. (quoting United States v. Leahy, 668 F.3d 18, 21 (1st Cir. 2012)). We find no error under that standard.

Pérez first contends that the District Court, when evaluating the impact of Amendment 782 to the Guidelines on Pérez's sentence, see Vaughn, 806 F.3d at 643 (providing that Amendment 782 "reduced by two levels the base offense level for many drug offenses"), erred by not considering the factors outlined in U.S.S.G. §1B1.10 cmt. 1(B). But those factors apply only when the defendant did not receive the benefit of an amendment to the Guidelines because the defendant was sentenced before the amendment became effective. See U.S.S.G. §1B1.10(a)(1). Because Pérez was sentenced after Amendment 782 became effective, Pérez's invocation of U.S.S.G. §1B1.10 is misplaced.

Pérez also contends that the District Court erred procedurally by failing to consider certain allegedly mitigating factors that he identifies. But that is not so.

The District Court reasonably found that Pérez's lack of prior drug use actually cut against Pérez. The District Court explained that Pérez was not "selling drugs because he need[ed] the money to pay for drug addiction" but was instead "doing it for

- 7 -

financial profit," even though he was "well aware of the damages that it causes to society."

The District Court also considered Perez's conduct while detained, but, after making relevant findings, did not give him as much credit as requested.  As Pérez challenges none of these findings on appeal, he has provided us with no basis for concluding that the District Court did not adequately consider his conduct while detained.[3]

The District Court also considered the other factors that Pérez points to on appeal as warranting a lower sentence in his case -- namely, Pérez's (in his view, minimal) criminal history and prior employment -- and determined that they did not, when weighed against the aggravating factors in this case, warrant a sentence lower than 156 months.[4]  Thus, Pérez's procedural challenge fails.

---

[3] Pérez does contend that the District Court made a "clearly erroneous factual determination."  But the determination to which Pérez refers, which relates to Pérez's own smuggling of contraband into the detention facility, is not one upon which the District Court relied at sentencing.

[4] Pérez notes that the District Court did not explicitly address that Pérez "did not encounter any disciplinary actions" during his pretrial detention.  But the District Court was not required to make express reference to every aspect of Pérez's background that could have bearing on Pérez's sentence. See United States v. Suárez-González, 760 F.3d 96, 102 (1st Cir. 2014) ("Bearing in mind that a sentencing court need not explicitly address every consideration that enters into its decisional calculus, we are satisfied that the court below sufficiently weighed the section 3553(a) factors." (citation omitted)).

When reviewing a sentence for substantive reasonableness, we consider whether the sentence is supported by a "plausible sentencing rationale" and reflects a "defensible result." Ayala-Vazquez, 751 F.3d at 32 (quoting United States v. Pol-Flores, 644 F.3d 1, 4-5 (1st Cir. 2011)). Our review is for abuse of discretion. Id.

The District Court did give less weight to the mitigating factors to which Pérez points than he contends was warranted. But the District Court's decision to weigh these factors as it did was a reasonable one, given the aggravating factors involved in this case, such as the scope and complexity of the money laundering and drug trafficking conspiracies. See United States v. Colón-Rodríguez, 696 F.3d 102, 108 (1st Cir. 2012). We thus conclude that the within-Guidelines sentence of 156 months that the District Court imposed is indeed supported by "a plausible sentencing rationale" and yielded "a defensible result." United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008). Accordingly, the sentence is not unreasonable and the District Court did not abuse its discretion in imposing it.

**IV.**

In Pérez's last challenge, he contends that the District Court plainly erred by not giving him advance notice that it was going to impose a term of supervised release on the drug

trafficking count that was two years above the term prescribed by the Guidelines.  See 21 U.S.C. § 841(b)(1)(A); U.S.S.G. §5D1.2 & cmt. 6.  Such notice must be given, however, only when the District Court imposes what is known as an upward departure, rather than merely an upward variance.  See United States v. Guzmán-Fernández, ___ F.3d ___, 2016 WL 3082191, at *4 n.5 (1st Cir. June 1, 2016) (indicating that advance notice is required for a departure but not a variance); see also United States v. Oquendo-García, 783 F.3d 54, 56 (1st Cir. 2015) (providing that a departure "refers to specific deviations imposed in accordance with a statute or a specific guidelines provision," while a variance "exist[s] as a result of the advisory nature of the guidelines").  And here, Pérez has not shown -- at least with the clarity required on plain error review -- that the District Court departed rather than varied.  See Morosco, 822 F.3d at 21.  Accordingly, this challenge fails as well.

**V.**

For the reasons given, we **affirm**.