[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10803

_____

D.C. Docket No. 0:00-cr-06022-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES LLEWLYN,
a.k.a. Charles Llewylin,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 24, 2018)

Before JORDAN and JILL PRYOR, Circuit Judges, and REEVES,[*] District Judge.

REEVES, District Judge:

---

[*] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Charles Llewlyn appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Because Llewlyn is ineligible for reduction of a sentence he has already completed, we affirm.

**I.**

Llewlyn was charged with controlled substance offenses in the Southern District of Florida in early 2000. He pled guilty in May 2000 to one count of conspiring to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). He was sentenced on September 28, 2000, to 110 months' imprisonment, to be followed by three years of supervised release.

A few months after Llewlyn began serving his Florida sentence, he was convicted of conspiring to distribute and possessing with the intent to distribute cocaine and cocaine base in the Western District of North Carolina. He was sentenced for that conviction in July 2001 to 360 months' imprisonment, to run consecutively to "any previous state or Federal sentence." Llewlyn's first sentence expired by its terms on or about November 28, 2009, at which time he began serving the 360-month sentence imposed in North Carolina. His anticipated release date is January 27, 2025.[1]

In 2011 and 2012, Llewlyn filed a trio of motions in the Western District of North Carolina, seeking to reduce his 360-month sentence based on Amendment

---

[1] www.bop.gov/inmateloc/ (last visited January 11, 2018).

750 to the United States Sentencing Guidelines.  The district court granted the motions in August 2012 and reduced Llewlyn's sentence to 292 months of imprisonment.  The North Carolina sentence was further reduced to 235 months' imprisonment pursuant to Amendment 782 to the Sentencing Guidelines in January 2016.

Amendment 782 went into effect on November 1, 2014, and lowered the base offense levels for most drug offenses.  *See United States v. Maiello*, 805 F.3d 992, 994 (11th Cir. 2015).  Llewlyn filed a *pro se* motion pursuant to 18 U.S.C. § 3582(c)(2) in the Southern District of Florida in November 2014, seeking a reduction of his 110-month Florida sentence under Amendment 782.  However, the district court summarily denied the relief because that sentence had already been completed.

Shortly thereafter, Llewlyn filed a *pro se* "traverse," arguing that he had been in custody without interruption and that his consecutive federal sentences must be viewed in the aggregate for purposes of his motion.  No further activity occurred until early 2015, when Llewlyn, still acting *pro se*, filed a "motion for status" and "motion to reopen judgment to allow time for appeal or in the alternative construe defendant's traverse . . . as a motion to reconsider."  The district court viewed the traverse as a motion to reconsider its order denying a sentence reduction and appointed counsel for Llewlyn.  The district court denied

3

Llewlyn's motion for reconsideration on February 9, 2016. Llewlyn filed a notice of appeal fourteen days later.

## II.

The United States contends, as a threshold matter, that the instant appeal is untimely and must be dismissed. Generally, a notice of appeal in a criminal case must be filed within fourteen days after entry of the order or judgment being appealed. Fed. R. App. P. 4(b)(1)(A). Within five days of the district court's denial of Llewlyn's initial motion for a sentence reduction, he filed a "traverse," which the court construed as a motion to reconsider. A timely-filed motion for reconsideration may toll the time for filing a notice of appeal. *See United States v. Dieter*, 429 U.S. 6, 8-9, 97 S. Ct. 18, 19-20, 50 L. Ed. 2d 8 (1976); *United States v. Cerceda*, 172 F.3d 806, 811 n.3 (11th Cir. 1999) (en banc) (holding that the government's timely motion for reconsideration in a criminal case stopped the time for filing an appeal). But the government maintains that Llewlyn's traverse was actually a motion to correct or reduce a sentence under Rule 35 of the Federal Rules of Criminal Procedure, which does not suspend the deadline for filing a notice of appeal. *See* Fed. R. Crim. P. 35; Fed. R. App. P. 4(b)(5). We review these issues *de novo*. *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).

Rule 35(a) permits a district court to "correct a sentence that resulted from

4

arithmetical, technical, or other clear error" within fourteen days after sentencing. This rule applies not only to original sentencing proceedings, but also to resentencings under 18 U.S.C. § 3582(c)(2). *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1241 (11th Cir. 2017) (citing *Phillips*, 597 F.3d at 1196). However, not all motions under § 3582(c)(2) result in resentencings.

The classic example of a § 3582(c)(2) ruling on the merits occurs when a district court determines that a defendant is eligible for a sentence reduction because the applicable guidelines range has been lowered; the court has analyzed the § 3553(a) factors; and the defendant is resentenced to a lesser term of imprisonment. *See Phillips*, 597 F.3d at 1198-99. There is no question in such instances that, because the defendant has been resentenced, Rule 35(a) would apply to a motion for reconsideration of the sentence. *See id.*

Here, the district court denied Llewlyn's motion for a sentence reduction and did not pronounce a sentence. Instead, it issued a one-page AO 247 form, which states simply: "Motion is Denied as moot. Defendant has already completed serving his sentence in this case." Accordingly, Rule 35(a) is not implicated. *See Caraballo-Martinez*, 866 F.3d at 1242-45 (Rule 35 does not apply where no resentencing has taken place). Llewlyn's motion to reconsider, filed five days after the denial of his motion for a sentence reduction, tolled the time for filing a notice of appeal. His notice of appeal was filed within fourteen days of the order denying

the motion for reconsideration and, therefore, was timely.  *See* Fed. R. App. P.

4(b).

## III.

Llewlyn appeals the district court's denial of his motion for reconsideration.

The denial of such a motion is generally reviewed for abuse of discretion.  *United*

*States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).  However, we review *de*

*novo* both the district court's determination that a defendant is not eligible for a

sentence reduction, *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012),

and its conclusions regarding the scope of its legal authority under § 3582(c)(2).

*United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam).

Generally, a district court may not modify a term of imprisonment once it

has been imposed, except under the circumstances outlined in § 3582(c).  *United*

*States v. Mills*, 613 F.3d 1070, 1075 (11th Cir. 2010).  One applicable exception

occurs when a "defendant [] has been sentenced to a term of imprisonment based

on a sentencing range that has subsequently been lowered by the Sentencing

Commission. . . ."  18 U.S.C. § 3582(c)(2).  In such instances, the court "may

reduce the term of imprisonment, after considering the factors set forth in section

3553(a) to the extent that they are applicable, if such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission."  *Id.*

Sentencing Guidelines § 1B1.10(b)(2)(C) provides the following policy statement:

6

"[I]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."

The Florida district court concluded that it was without authority to reduce Llewlyn's sentence because doing so would be inconsistent with the prohibition in § 1B1.10. We agree. First, the Florida sentence was imposed in September 2000, when no other federal sentence existed. Llewlyn necessarily began serving this sentence before the North Carolina sentence, which was imposed in July 2001. Second, Llewlyn had already completed his 110-month Florida sentence when Amendment 782 was promulgated in 2014, and he had received a 57-month reduction of his North Carolina sentence based on the amendment in January 2016.

Llewlyn maintains that our analysis is incorrect because his two consecutive federal sentences are aggregated and he is actually serving a single sentence. He contends that "term," as used in U.S.S.G. § 1B1.10, means "aggregate term," in the case of consecutive sentences. However, we give guidelines language its plain and ordinary meaning. *United States v. Hall*, 704 F.3d 1317, 1321 (11th Cir. 2013) (citing *Bailey v. United States*, 516 U.S. 137, 145, 116 S. Ct. 501, 506, 133 L. Ed. 2d 472 (1995)). Each district court sentenced Llewlyn to a distinct period of incarceration, and the second sentencing judge explicitly directed that Llewlyn serve the 360-month term consecutively to any previously-imposed sentence. Llewlyn's suggested interpretation would render the concept of "consecutive

7

sentences" imposed at different times meaningless.  We will not rewrite the guidelines by reading them more broadly than the plain language indicates.  *Id.* at 1321-22 (citing *United States v. Fulford*, 662 F.3d 1174, 1178 (11th Cir. 2011)).

Llewlyn also relies heavily on 18 U.S.C. § 3584(c), which provides that multiple terms of imprisonment "shall be treated *for administrative purposes* as a single, aggregate term of imprisonment."  18 U.S.C. § 3584(c) (emphasis added).  But district courts' judicial decisions under § 3582 do not constitute an "administrative purpose."  This language instead refers to the Bureau of Prisons' administrative duties, such as computing inmates' credit for time served.  *See United States v. Vaughn*, 806 F.3d 640, 643-44 (1st Cir. 2015) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for *administering* the sentence." (quoting *United States v. Wilson*, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed. 2d 593 (1992))); *see also United States v. Zoran*, 682 F.3d 1060, 1062 n.2 (8th Cir. 2012) (noting that § 3584(c) "merely instructs the Bureau of Prisons in administering sentences").  We also note that every other circuit to have considered similar arguments has rejected them.  *See United States v. Chapple*, 847 F.3d 227, 230 (5th Cir. 2017); *Vaughn*, 806 F.3d at 643-44; *United States v. Parker*, 472 F. App'x 415, 417 (7th Cir. 2012); *United States v. Gamble*, 572 F.3d 472, 474 (8th Cir. 2009).

As the United States Court of Appeals for the First Circuit pointed out in

*Vaughn*, extending § 3584(c) to this situation would "essentially rewrite the statute to extend aggregation to *all* purposes." 806 F.3d at 644 (emphasis in original). We agree with *Vaughn*'s reasoning and decline to adopt such a broad reading of the statute. *See Parker*, 472 F. App'x at 417 (concluding that consecutive sentences may be aggregated by the BOP for administrative purposes, but remain "distinct terms of imprisonment" imposed for separate convictions).

Llewlyn finds support, by analogy, in Supreme Court habeas cases involving the "in custody" requirement. For example, in *Peyton v. Rowe*, 391 U.S. 54, 67, 88 S. Ct. 1549, 20 L. Ed. 2d 426 (1968), the Court held that a district court may entertain a habeas petition from a prisoner incarcerated under consecutive sentences when the prisoner claims that a sentence that he is scheduled to serve in the future is unconstitutional. Nearly thirty years later, the Supreme Court decided *Garlotte v. Fordice*, 515 U.S. 39, 41, 115 S. Ct. 1948, 1949, 132 L. Ed. 2d 36 (1995), which it described as "*Peyton* in reverse." Garlotte entered simultaneous guilty pleas in state court and was sentenced to three years' imprisonment for a drug charge, to be followed by concurrent life sentences for murder convictions. *Id.* at 41-42. Although Garlotte had completed the three-year term and had begun serving the life sentences for the murder charge, the Supreme Court authorized his habeas petition which challenged the validity of his plea regarding the drug charge. The Court ultimately concluded that "a prisoner serving consecutive sentences is

9

'in custody' under any one of them for purposes of the habeas statute." *Id.* at 45-46 (quoting *Peyton*, 391 U.S. at 67). Nothing on the face of the habeas statute militated against an interpretation which viewed Garlotte as being in custody under the aggregate of the consecutive sentences imposed. *Id.* at 46. The Court focused on the "core purpose of habeas review," noting that Garlotte's challenge would shorten his term of incarceration if he was able to prove unconstitutionality. *Id.* at 47. Accordingly, for habeas purposes, sentences are viewed "in the aggregate, not as discrete segments." *Id.*

The holdings of these cases do not extend to motions brought under § 3582(c)(2). Unlike the habeas provisions, the plain language of § 3584(c) and U.S.S.G. § 1B1.10(b)(2)(C) provides a basis for rejecting aggregation. Additionally, the habeas statutes serve purposes very different than those of § 3582(c)(2). *See* 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. §§ 2254(a), 2255(a). Title 28 of the United States Code, § 2255, provides prisoners serving federal sentences with a mechanism to challenge a sentence that the prisoner claims was imposed in violation of the Constitution or laws of the United States. Section 3582(c)(2), on the other hand, provides a vehicle "through which *appropriately sentenced* prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines." *United States v.*

*Webb*, 565 F.3d 789, 794 (11th Cir. 2009) (emphasis added) (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995)).

Further, the relief available under these statutes is markedly different. It has long been held that district courts have "broad discretion in conditioning a judgment granting habeas relief. Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'" *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 2118, 95 L. Ed. 2d 724 (1987). A court may vacate and set aside the judgment, resentence the defendant, grant a new trial, or correct the sentence as it sees fit. Accordingly, the "in custody" requirement has received a liberal interpretation in the habeas context "that may be fairly viewed as sui generis." *Vaughn*, 806 F.3d at 645. In contrast, § 3582 gives a district court very limited authority to modify a sentence and provides a "narrow exception to the rule of finality." *Dillon v. United States*, 560 U.S. 817, 827, 130 S. Ct. 2683, 2692, 177 L. Ed. 2d 271 (2010); *see Phillips*, 597 F.3d at 1194-95 ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."). For these reasons, we decline to read "term of imprisonment" under § 3582 as equivalent to "in custody," as that phrase is understood in the context of habeas jurisprudence.

Llewlyn also relies on case law from district courts and other circuits in support of his argument that the Florida district court had authority to reduce his

11

sentence after he had "nominally" completed the term of imprisonment.  He places

significant emphasis on the unpublished case of *United States v. Clarke*, 499 F.

App'x 579 (7th Cir. 2012), and similar district court cases.  Clarke was convicted

of three counts of distributing cocaine base and sentenced to 151 months'

imprisonment for his drug-related convictions.  *Id.* at 580-81.  He also was

convicted of carrying a firearm in relation to a drug trafficking offense and

sentenced to a mandatory 60-month consecutive sentence under 18 U.S.C. §

924(c).  *Id.*  Clarke subsequently filed a motion for a sentence reduction based on

lowered guidelines ranges for crack-cocaine offenses.  *Id.* at 581.  Although the

motion was filed after Clarke had completed the portion of his sentence

attributable to the drug convictions, the Seventh Circuit determined that the motion

was not moot and should be resolved on the merits.  *Id.* at 582.

In suggesting that Clarke was eligible for a sentence reduction under the

crack-cocaine amendments, the Seventh Circuit remarked that a sentence reduction

would result in Clarke being released from prison earlier.  *Id.*  Notably, Clarke's

consecutive crack-cocaine and gun sentences were imposed at the same time, and

the convictions arose out of the same course of conduct.  *Id.* at 580.  The court

concluded, without explanation, that Clarke was under a "single, aggregate term"

of imprisonment under 18 U.S.C. § 3584(c).  *Id.* at 582.  But as we previously

12

explained, Llewlyn's motion for a sentence reduction does not implicate an administrative purpose as contemplated under that provision.

It is notable that the non-habeas cases upon which Llewlyn relies involve mandatory consecutive tack-on sentences for firearms offenses under 18 U.S.C. § 924(c). *See Clarke*, 499 F. App'x at 579; *United States v. Kaman*, No. 3:09-cr-141, 2015 WL 2226213, at *1-2 (E.D. Tenn. May 12, 2015); *United States v. Brown*, No. 2:04-cr-00088, 2013 WL 1819795, at *5-6 (W.D. Penn. Apr. 29, 2013); *United States v. Wilkerson*, No. 00-cr-10426, 2010 WL 5437225, at *1-2 (D. Mass. Dec. 23, 2010); *United States v. Martin*, 602 F. Supp. 2d 611, 614-15 (E.D. Penn. 2009); *United States v. Bolin*, No. 2:02-cr-176-1, 2008 WL 928397 at *2 (S.D. Ohio Apr. 7, 2008). Although not explicit in the cases, it appears to us that these courts have concluded that the substantive drug convictions are so intertwined with the § 924(c) charges that the consecutive sentences should be viewed in the aggregate when it comes to considering motions under § 3582(c). In other words, the particular defendants should not be "deprived of a sentence reduction simply because they [have] already served the portion of the combined sentence attributable to their drug offenses." *Bolin*, 2008 WL 928397, at *2. And in that situation, it may not matter which of the two sentences is served "first."

While Llewlyn contends that these cases are "structurally similar" to the case at bar, they are distinguishable in critical ways. Each case involved a single

13

proceeding in which the defendant was convicted of, and sentenced consecutively for, a drug offense and a related firearms charge under § 924(c). Llewlyn, on the other hand, was sentenced in different courts, at different times, and for unrelated crimes. Accordingly, there is no practical reason for combining the sentences. Llewlyn has identified no fairness concern, since there is no mistaking the order in which the sentences were imposed. *See Vaughn*, 806 F.3d at 644 ("There is no [] fairness concern when, as here, a defendant commits a crime while incarcerated and receives an additional consecutive sentence while he is already serving the first sentence.").

Accordingly, the cases involving statutory mandatory consecutive sentences are not persuasive with respect to unrelated sentences like Llewlyn's. We need not, and do not, decide whether sentences may be aggregated when a statutory mandatory consecutive sentence and a guidelines sentence are imposed in the same proceeding.

Llewlyn also maintains that courts have no authority to determine the order in which consecutive sentences will be served. However, there is no doubt that a sentencing judge may impose a consecutive sentence when a defendant is already subject to an undischarged term of imprisonment. *See United States v. Bradford*, 277 F.3d 1311, 1316-17 (11th Cir. 2002) (citing 18 U.S.C. § 3584(a)); *see also* U.S.S.G. § 5G1.3(c). The North Carolina district court did just that, with

Llewlyn's previously-imposed 110-month Florida sentence in mind.  After Llewlyn completed the 110-month sentence, the North Carolina district court granted two  significant reductions of the sentence that it had imposed based on Llewlyn's motions under § 3582(c)(2).  A reduction of Llewlyn's first Florida sentence after its completion would not only violate U.S.S.G. § 1B1.10, but might allow one court to indirectly interfere with the sentencing decisions of another.

## IV.

Like *Vaughn*, this appeal is "about two separate and independent federal crimes, committed at separate times and sentenced separately by two different judges."  806 F.3d at 641.  Because Llewlyn has already served the entirety of his otherwise eligible sentence, he is ineligible for a sentence reduction pursuant to § 3582(c)(2).  The district court's denial of Llewlyn's motion for reconsideration is **AFFIRMED**.

15