FILED
United States Court of Appeals
Tenth Circuit

February 9, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CLAYTON ALBERS,

    Defendant - Appellant.

No. 22-3215
(D.C. No. 6:93-CR-10020-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Defendant-Appellant Clayton Albers appeals pro se from the district court's

denial of his motion for sentence reduction under 18 U.S.C. § 3582(c)(2).  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Mr. Albers was convicted in 1994 in the District of Kansas for multiple drug

offenses, including conspiracy to manufacture methamphetamine with intent to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2);10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

distribute under 21 U.S.C. §§ 841(a)(1) & 846. He was sentenced to 360 months' imprisonment (the Kansas prison term).[1] While serving that sentence, Mr. Albers was convicted in the Western District of Oklahoma for additional crimes he committed while in prison, including conspiring to impede or injure an officer and mailing threatening communications. For those crimes, he was sentenced in 2008 to an additional 168 months' imprisonment (the Oklahoma prison term), imposed to run consecutively to the then-uncompleted Kansas prison term.

On June 29, 2020, Mr. Albers completed serving the Kansas prison term. He remained imprisoned on the Oklahoma prison term. On July 5, 2022, he filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) in the District of Kansas, seeking reduction of his prison term under Amendment 782 to the sentencing guidelines.[2] The district court denied his motion. It concluded § 3582(c)(2) did not give it authority to reduce the Kansas prison term because Mr. Albers had already fully served that prison term, and it rejected his argument that the Kansas and Oklahoma prison terms should be treated as a single aggregated term. This appeal followed.

---

[1] Mr. Albers was first given a life sentence, which this court vacated on appeal. *See United States v. Albers*, 93 F.3d 1469, 1472, 1489 (10th Cir. 1996). On remand, he was resentenced to 360 months in prison, and this court affirmed. *See United States v. Albers*, No. 97-3228, 1998 WL 223344, at *1 (10th Cir. May 6, 1998) (unpublished).

[2] Amendment 782 reduced the guidelines offense levels for many drug offenses and was made available retroactively. *See United States v. Green*, 886 F.3d 1300, 1302, 1303 (10th Cir. 2018). For purposes of this appeal, we assume Mr. Albers's Kansas sentence would have been eligible for reduction under Amendment 782 while he was serving it.

II.

A.

"In general, once a court has imposed a sentence, the court has no authority to modify that sentence.  However, . . . Congress has provided the court with the authority to modify previously imposed sentences in three, very limited circumstances."  *United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020).  Both the authority to modify a sentence and the limits of that authority are set by statute, specifically 18 U.S.C. § 3582(c).  *See id.*

One of these statutory exceptions allows a defendant to seek reduction of a prison term when he was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  § 3582(c)(2).  A motion under § 3582(c)(2) presents a two-step inquiry.  *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018).  "First, a court must determine whether a defendant is eligible for a sentence reduction.  Second, the court must consider whether a sentence reduction is warranted in accordance with the 18 U.S.C. § 3553(a) factors."  *Id.*  Here, the district court concluded § 3582(c)(2) did not authorize it to reduce Mr. Albers's already-completed Kansas prison term.  We review that determination de novo.  *See United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008).

B.

We agree with the district court—and several other circuits that have addressed this issue—that § 3582(c)(2) does not give a district court authority to reduce a prison term after the defendant has fully served it.

3

Under the express language of § 3582(c)(2), sentence reduction is available only if "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). Therefore, "the Sentencing Commission's policy statements in [sentencing guideline (USSG)] § 1B1.10 are *binding on district courts* and limit their authority to grant motions for reduction of sentences." *United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010) (emphasis added) (citing *Dillon v. United States*, 560 U.S. 817 (2010)). One of these binding limitations is that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." USSG § 1B1.10(b)(2)(C). Here, Mr. Albers had already completed his Kansas prison term before filing his § 3582(c)(2) motion, so any reduction would necessarily have shortened that prison term to less than the time he had already served. Because it would be inconsistent with § 1B1.10(b)(2)(C) to shorten a prison term after a defendant has fully served it, § 3582(c)(2) does not grant a district court authority to do so.

While we have not previously addressed this issue, other circuits have reached the same conclusion. *See United States v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018) (holding district court was "without authority" under § 3582(c)(2) and Amendment 782 to reduce a prison term the defendant had already completely served); *United States v. Vaughn*, 806 F.3d 640, 643 (1st Cir. 2015) (holding defendant "is ineligible for relief under Amendment 782 because he has already served the entirety of his otherwise eligible sentence"); *United States v. Chapple*, 847 F.3d 227, 230 (5th Cir. 2017) ("Because Chapple had already served the sentence that

4

was eligible for reduction under Amendment 782, his § 3582(c)(2) motion was not consistent with § 1B1.10." (internal quotation marks omitted)); *United States v. Gamble*, 572 F.3d 472, 474–75 (8th Cir. 2009) (holding defendant ineligible for sentence reduction under § 3582(c)(2) because he was "no longer serving" the prison term for any offense eligible for reduction). Mr. Albers cites no case that has addressed § 1B1.10(b)(2)(C) and held otherwise, and we are not aware of any. We reach the same result as the decisions of other circuits.

## C.

Mr. Albers acknowledges he had completed his Kansas prison term before filing his § 3582(c)(2) motion but argues he should still be eligible for relief because he remains in custody completing the Oklahoma prison term. But the Oklahoma prison term was imposed years later, by a separate court, based on separate conduct, and for offenses that are not eligible for reduction under Amendment 782.[3] Mr. Albers identifies no authority that has interpreted § 3582(c)(2) to allow one district court to modify a sentence imposed by another. He argues that reduction of the Kansas prison term would "result in an earlier end date to the Kansas sentence and an earlier start date to the Oklahoma sentence," so that his release would be hastened, even though "[t]he length of the Oklahoma sentence would remain

---

[3] Mr. Albers has twice sought and been denied early release from his uncompleted Oklahoma sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See* Order, *United States v. Albers*, No. CR-07-154-D (W.D. Okla. July 21, 2022) (denying motion for compassionate release) *and* Order, *United States v. Albers*, No. CR-07-154-D (W.D. Okla. Jan. 14, 2021) (same). Those decisions are not part of this appeal.

unaffected." *See* Aplt. Br. at 3-F. That may be a true statement of the administrative consequences a reduction in the Kansas prison term would have if it were authorized, but it does not give the district court the authority to grant such a reduction, since it is foreclosed by § 1B1.10(b)(2)(C).

Before the district court, Mr. Albers (then represented by counsel) argued his Kansas and Oklahoma prison terms should be treated as a single aggregated sentence, citing 18 U.S.C. § 3584(c).[4] That statute provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated *for administrative purposes* as a single, aggregate term of imprisonment" (emphasis added). We agree with the district court that Mr. Albers's motion under § 3582(c)(2) was not an "administrative purpose." *See generally United States v. Gonzales*, 520 U.S. 1, 8 (1997) (stating § 3584(c) "*instructs the Bureau of Prisons* [BOP] to treat multiple terms of imprisonment . . . for administrative purposes as a single, aggregate term" (emphasis added; internal quotation marks omitted)); *United States v. Wilson*, 503 U.S. 329, 335 (1992) (stating the BOP "has the responsibility for *administering* the sentence" after it is imposed by a court (emphasis added)).

Again, while we have not previously addressed this argument, other circuits have uniformly rejected similar requests to treat separately imposed sentences as "aggregated" when ruling on motions for sentence reduction. *See United States v.*

---

[4] Mr. Albers proceeds without a lawyer in this appeal. Therefore we "liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

*Brow*, 62 F.4th 114, 120 (3d Cir. 2023) ("The BOP's administrative aggregation of [a] sentence does not affect our judicial authority."); *United States v. Martin*, 974 F. 3d 124, 137 (2d Cir. 2020) ("Section 3584(c) provides no textual support for the position that sentences may be aggregated for the purpose of resentencing, nor has any court interpreted the statute in such a fashion.");[5] *Llewlyn*, 879 F.3d at 1295 ("[D]istrict courts' judicial decisions under § 3582 do not constitute an 'administrative purpose.'" (quoting § 3584(c)); *Vaughn*, 806 F.3d at 643–44 ("A sentence reduction under § 3582(c)(2) . . . cannot be described as administrative. Applying § 3584(c) to this situation would essentially rewrite the statute to extend aggregation to *all* purposes."); *Gamble*, 572 F.3d at 474 ("There is no statutory requirement that the district court meld the two sentences into a single, aggregate term of imprisonment.").

Again, Mr. Albers has identified no contrary authority that treats separately imposed sentences as "aggregated" for purposes of a motion for sentence reduction, and we are not aware of any.[6] He takes the position that *Llewlyn* and related

---

[5] *Brow* and *Martin* addressed motions for sentence reduction authorized by the First Step Act and brought under § 3582(c)(1)(B). *See Brow*, 62 F.4th at 119; *Martin*, 974 F.3d at 137. Those cases held the First Step Act does not authorize district courts to reduce a sentence the defendant has fully served. *Brow*, 62 F.4th at 121; *Martin*, 974 F.3d at 140. We do not address that question or interpret the First Step Act or § 3582(c)(1)(B) here, where Mr. Albers sought relief under § 3582(c)(2).

[6] To the extent Mr. Albers relies on cases which may have treated simultaneously imposed sentences for multiple counts of conviction as aggregated, they are non-precedential and non-binding on this court, and they do not address § 1B1.10(b)(2)(C). *See United States v. Clarke*, 499 F.App'x 579, 580–81, 582 (7th Cir. 2012) (holding § 3582(c)(2) motion to reduce completed crack cocaine sentence was not moot because aggregated with simultaneously imposed sentence for gun

decisions were "decided wrongly," but he has not explained how he believes those decisions were in error. *See* Aplt. Br. at 3-H. We conclude that his separately imposed Kansas and Oklahoma prison terms are not "aggregated" for purposes of deciding his eligibility for relief under § 3582(c)(2). Our conclusion is consistent with cases presenting facts we find indistinguishable for purposes of the relevant analysis, *see Llewlyn*, 879 F.3d at 1295; *Vaughn*, 806 F.3d at 643–44, and we find no reason to reach a different result here.

### D.

In addition to arguing his sentences should be aggregated, which was his only argument in district court, *see* R. at 66–67, Mr. Albers raises several additional arguments and authorities on appeal. These include: new arguments based on habeas corpus cases; reliance on cases where defendants were sentenced simultaneously for multiple counts of conviction (including related drug and firearm offenses and crack cocaine offenses); cases seeking sentence reduction under the First Step Act;

---

conviction; affirming denial of motion) and *United States v. Bolin*, No. 2:02-cr-176-1, 2008 WL 928397, at *1, 3 (S.D. Ohio April 7, 2008) (granting motion to reduce a fully served drug sentence treated as aggregated with simultaneously imposed sentence for related gun conviction).

These cases are also readily distinguished. They involved simultaneously imposed sentences for drug offenses and related firearm violations under 18 U.S.C. § 924(c). Here Mr. Albers's two sentences were imposed separately, by different courts in unrelated cases, and left no question which sentence was to be served first.

We need not decide here whether multiple terms of imprisonment that are imposed simultaneously might, in other circumstances, be appropriately treated as aggregated. *Accord Vaughn*, 806 F.3d at 644 ("Even supposing that simultaneously imposed consecutive sentences could be aggregated for the purpose of a § 3582(c)(2) sentence reduction—an issue that we do not decide here—this case is different because [the defendant's] sentences were imposed separately.").

Oklahoma state cases, and various district court and unpublished circuit court cases which Mr. Albers argues are analogous to his own. *See* Aplt. Br. at 3, 3-J. He also appeals to "common sense," *id.* at 5, 15–16; makes new arguments based on the use of the indeterminate article to refer to "'*a*' term of imprisonment" in USSG § 1B1.10(a)(1), *see id.* at 3, 3-F; and argues his uncompleted term of supervised release meant he was still "in custody on his Kansas sentence," giving the district court jurisdiction to reduce that sentence, *see id.* at 4.

"[A]bsent extraordinary circumstances, arguments raised for the first time on appeal are waived." *Little v. Budd Co.*, 955 F.3d 816, 821 (10th Cir. 2020). Exceptions to this rule may be warranted "when the issues involved are questions of law, the proper resolution of which are beyond doubt, and the failure to address the issues would result in a miscarriage of justice"; an intervening change in the law may also warrant an exception. *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1234–34 (10th Cir. 2018) (internal quotation marks omitted).

We conclude circumstances here do not warrant reaching the arguments Mr. Albers could have raised at the district court but did not. Other than his argument related to supervised release, all of Mr. Albers's newly raised arguments have been raised and rejected in the decisions of other circuits cited above, which were decided before he briefed his motion at the district court. *See e.g.*, *Llewlyn*, 879 F.3d at 1296–98 (rejecting arguments based on habeas corpus cases and distinguishing cases involving simultaneously imposed sentences); *Vaughn*, 806 F.3d at 644 (distinguishing "sentences that were imposed at the same time by the same

9

judge" from sentences that were imposed separately); *id.* at 645 (rejecting textual argument identical to the one raised by Mr. Albers; "The fact that § 1B1.10 uses a singular 'a' says nothing about whether [a defendant] is serving one single term of imprisonment or two separate . . . terms . . . ."). Without revisiting in detail the analyses of prior cases, we conclude that Mr. Albers's new arguments on appeal do not warrant relaxing the waiver rule: proper resolution of the issues is not "beyond reasonable doubt" and failure to reach them would not result in a miscarriage of justice.

Also waived is Mr. Albers's newly raised argument that the term of supervised release included in his Kansas sentence gave the district court jurisdiction over his § 3582(c)(2) motion, even after he had fully served the Kansas prison term. This argument was not raised before the district court, which therefore made no legal rulings or factual findings on it.

Finally, as to Mr. Albers's appeal to "common sense," and his arguments regarding what the Sentencing Commission intended for defendants convicted on multiple counts of conviction, these arguments do not change the authority to modify an otherwise final sentence provided by § 3582(c)(2), which is limited by the statute's terms and § 1B1.10(b)(2)(C). *See Mannie*, 971 F.3d at 1148; *McGee*, 615 F.3d at 1292. Even if relief has been made available to other defendants in situations Mr. Albers finds broadly analogous to his own, cases resolved on different legal grounds do not expand the limited authority provided by § 3582(c)(2).

10

III.

For the foregoing reasons, we affirm the district court's denial of Mr. Albers's motion under 18 U.S.C. § 3582(c)(2).

Judge Rossman concurs in the judgment only.

Entered for the Court

Allison H. Eid
Circuit Judge