[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12860
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cr-60323-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERND ZALKE RIND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 17, 2020)

Before MARTIN, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Bernd Rind, a federal prisoner at Miami Federal Correctional Institution (Miami FCI), appeals the district court's denial of compassionate release under Section 603 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (First Step Act) and 18 U.S.C. § 3582(c)(1)(A) for failing to establish that his health conditions, in light of the risk of COVID-19, were extraordinary and compelling reasons to warrant his release.  Rind asserts the district court abused its discretion by denying compassionate release because the record does not reflect the court considered the 18 U.S.C. § 3553(a) factors and does not otherwise allow for meaningful appellate review.  No reversible error has been shown, and we affirm.

## I.  BACKGROUND

In 2019, Rind pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  The district judge imposed a 66-month sentence of imprisonment. This sentence consisted of 42 months' imprisonment as to the wire fraud count and a consecutive 24 months' imprisonment as to the aggravated identity fraud count. Rind was also sentenced to 3 years' supervised release.

In June 2020, Rind filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He requested that he be released to home confinement based on his medical conditions and age.  Rind asserted that he was an overweight, 64-year-old man who suffered from type II diabetes, hypertension, and high blood

2

pressure—all of which placed him in the highest risk group for death or life-threatening complications if he contracted COVID-19.  He asserted he requested release to home confinement, based on his medical conditions and risk factors, from the warden at Miami FCI in April 2020.  Rind asserted the Federal Bureau of Prisons (BOP) responded that he did not meet the criteria for priority consideration and that Rind had not since received any further information.

Rind argued his health issues and age constituted "extraordinary and compelling reasons" in support of his request for compassionate release.  He contended the massive risk that COVID-19 poses to incarcerated individuals generally, and to him specifically due to his health issues and obesity, established an extraordinary and compelling reason for his immediate release.  Rind argued the Centers for Disease Control and Prevention (CDC) identified, in part, age, diabetes, and hypertension as risk factors for severe illness, complications, and death from COVID-19.  He asserted that social distancing was not possible in prison and the conditions in BOP facilities provided a uniquely hospitable environment for COVID-19 to spread.  Rind claimed he posed no threat to anyone and that his wife had the ability to assume care for him if he were placed in home detention.

Subsequently, Rind moved to stay the ruling on his motion for compassionate release, noting the BOP moved him into a period of quarantine

pending release to home confinement while awaiting a decision from the warden at Miami FCI.  The district court granted the motion to stay.

Rind then filed a motion requesting the court terminate the stay and renew his motion for compassionate release.  Rind asserted the BOP explained that it had denied his administrative request before he was placed in quarantine and placed him back in the general population at Miami FCI, and told him a mistake was made and he was not going to be released.  He argued the situation at Miami FCI had deteriorated since he filed his first motion for release and the virus was spreading seemingly uncontrolled within the facility.  Rind argued that, due to the emergency situation at Miami FCI and its unexplained administrative actions, the court should grant him immediate release to home confinement under § 3582(c)(1)(A)(i).  He argued the CDC had revised its guidelines since he filed his first motion for release, and under those guidelines, his risk factors were especially high, particularly due to his type II diabetes.

The district court denied Rind's renewed motion and denied his original motion as moot.  The court noted Rind had served approximately 9 months of his 66-month custodial sentence, which was less than 15% of his sentence.  It found that while Rind's conditions of type II diabetes, hypertension, high blood pressure, and asthma placed him at a higher risk of contracting a severe case of COVID-19, he had not provided sufficient information regarding the severity of his medical

conditions nor had he supported his allegations with medical records. The court found that Rind's condition did "not appear to be at an acute level that would warrant his release after completing less than 15% of his sentence." In comparison, the court noted a case in which it granted compassionate release for a defendant with end-stage renal failure, heart failure, diabetes, and a history of respiratory illnesses after he completed 60% of his sentence. *See United States v. Oreste*, No. 14-20349-CR, 2020 WL 4343774 (S.D. Fla. Apr. 6, 2020). The court declined to find that extraordinary and compelling reasons warranted Rind's release.

Rind filed a motion for reconsideration, which he supplemented with his medical records. The court denied Rind's motion for reconsideration, finding the medical records showed he suffered from diabetes and hypertension. The court found that, nevertheless, Rind's conditions were not acute enough to warrant his release after serving less than 15% of his sentence, again citing its decision in *Oreste*.

## II. DISCUSSION

18 U.S.C. § 3582(c)(1)(A) states that a district court "may" reduce a defendant's sentence. Thus, a district court's decision whether to grant or deny a defendant's reduction is discretionary and reviewed for abuse of discretion. *See United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020) (explaining the

standard of review for a motion for reduction of sentence under an analogous provision of the First Step Act); *see also United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009) (applying the abuse of discretion standard to a court's denial of a reduction under 18 U.S.C.§ 3582(c)(2)).  We also review the denial of a motion for reconsideration for an abuse of discretion.  *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018).  A court abuses its discretion if it "fails to apply the proper legal standard or to follow proper procedures in making its determination." *United States v. Jules*, 595 F.3d 1239, 1241-42 (11th Cir. 2010) (quotations and alteration omitted).

In 2018, Congress enacted the First Step Act, which, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners.  *See* First Step Act § 603.  The statute provides that a "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances.  18 U.S.C. § 3582(c).  Section 3582(c)(1)(A)(i) currently provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction[.]

6

The district court did not abuse its discretion in denying Rind's motion for compassionate release or motion for reconsideration. While Rind contends the district court did not explain its denial sufficiently to allow for appellate review, the record shows the court denied his motion initially after considering his medical conditions and finding that he had not provided enough information regarding their severity for it to grant relief. Furthermore, the court supported its conclusion that Rind's conditions did not appear to be "at an acute level" such that they constituted extraordinary and compelling reasons to warrant his release by comparing Rind's case to one where it granted compassionate release when a defendant suffered from objectively more severe medical conditions than Rind and had completed more than 60% of his sentence.

As to Rind's argument the district court did not consider the § 3553(a) factors, even assuming that the district court was required to consider those factors, the district court's initial order (1) discussed Rind's medical conditions, which are part of his history and characteristics; (2) emphasized that Rind had completed only 15% of his sentence, which relates to the factors that his sentence reflect the seriousness of his offense, promote respect for the law, and provide just punishment; and (3) compared Rind's circumstances to another defendant's, which relates to the need to avoid sentencing disparities with similarly situated defendants. *See* 18 U.S.C. § 3553(a). That the court reiterated in its order denying

7

Rind's motion for reconsideration that his conditions were "not acute enough to warrant his release" after serving less than 15% of his sentence and again cited its decision in *Oreste* shows that it placed great weight on those factors, which was within its sound discretion *See United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016) (stating the weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court).  In sum, the district court did not abuse its discretion in denying Rind's motions because the record shows that it did not find an extraordinary and compelling reason to grant his release based on its consideration of the § 3553(a) factors.

    **AFFIRMED.**