# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20662

United States Court of Appeals
Fifth Circuit

**FILED**
January 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

CHARLES LEWIS CHAPPLE, JR., also known as Derek Netten, also known as Anthony Moore, also known as Mark Clayton,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, SMITH and PRADO, Circuit Judges.

PER CURIAM:

Charles Lewis Chapple, Jr., appeals pro se from the district court's denial of a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). His motion was based on retroactive Guidelines Amendment 782, which lowered offense levels for a number of drug offenses by two base-offense levels. At the time of the Amendment, however, Chapple had already completed his term of imprisonment for the sentence that was eligible for the reduction and was serving time for subsequent offenses. Finding that Chapple is therefore ineligible for the reduction, we AFFIRM.

No. 15-20662

I.

Chapple was charged in the Southern District of Texas in 2005 with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).  He was sentenced to an 87-month term of imprisonment, which ran consecutively to an undischarged imprisonment term that he was serving in California.  After Chapple began serving his prison term for the Texas conviction, he escaped from the federal correctional facility where he was located in California and was later arrested on drug-trafficking charges in New Jersey.  As a result of these developments, he faced a 48-month term of imprisonment for the New Jersey charge and a 15-month term of imprisonment for escaping from custody in California.  The terms were to run consecutively in the order in which they were sentenced.

In March 2015, Chapple filed a motion requesting a reduction in his Texas sentence pursuant to 18 U.S.C. § 3582(c)(2).  In denying his request, the district court noted that "the defendant discharged the sentence in [the Texas conviction] of 87 (eighty-seven) months [of] imprisonment, on July 6, 2012," and that Chapple was "currently serving sentences for cases out of New Jersey and California."  Chapple then appealed, but his appeal was not within the 14-day time limit imposed by Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure.  Furthermore, he did not file a motion for an extension of time to file a notice of appeal.  In the light of the unique circumstances[1] contributing to the delay in Chapple's appeal, however, the Government expressly waived this non-jurisdictional requirement.  *See United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007) (finding that the deadline for filing a notice of appeal

---

[1] Specifically, Chapple did not receive notice of the district court's denial of his § 3582(c)(2) motion because the denial was sent to his former attorney, who had been deceased for nine years.

No. 15-20662

under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure in criminal cases is not jurisdictional and may be waived).

## II.

We review a district court's interpretations of the Sentencing Guidelines de novo, and its factual findings for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). Further, we review a district court's decision in response to a § 3582(c)(2) motion for sentence reduction under an abuse of discretion standard. *Id.* If the district court "bases its decision on an error of law or a clearly erroneous assessment of the evidence," the court abuses its discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (quoting *United States v. Smith*, 417 F.3d 483, 486-87 (5th Cir. 2005)). Claims that were not raised before the district court are subject to plain error review. *Evans*, 587 F.3d at 671.

## III.

Chapple contends that the district court erred in denying his motion for sentence reduction under § 3582(c)(2) and that the retroactive application of Amendment 782 should reduce his previously served sentence, thereby hastening his ultimate release from prison. His argument centers on the Supreme Court's decision in *Garlotte v. Fordice*, 515 U.S. 39 (1995), in which the Court held that a prisoner serving consecutive sentences could attack the earlier sentence in the context of collateral review because he was "in custody" for the purposes of filing a habeas petition. Chapple also raises a due process argument for the first time on appeal.

In general, § 3582 limits the ability of a court to reduce a sentence term that has already been imposed. Subsection (c)(2) of § 3582, however, provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau

3

of Prisons, or on its own motion, *the court may reduce the term of imprisonment*, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (2012) (emphasis added).    The applicable policy statement here is § 1B1.10 of the Sentencing Guidelines.   As the Supreme Court explained in *Dillon v. United States*, 560 U.S. 817, 826 (2010), Section 3582(c)(2) thereby articulates a two-step inquiry: "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."

In particular, § 1B1.10(b)(2)(C) of the Guidelines prohibits a court from reducing a term of imprisonment to a period "less than the term of imprisonment the defendant has already served."    The Commentary to § 1B1.10 reiterates: "In no case, however, shall the term of imprisonment be reduced below time served."  U.S.S.G. § 1B1.10 n.3.  Amendment 782 became retroactively applicable on November 1, 2015, to defendants who were sentenced prior to the effective date for eligible offenses.[2]   Because Chapple had already served the sentence that was eligible for reduction under Amendment 782, his § 3582(c)(2) motion was not "consistent with § 1B1.10." Thus, the modification was appropriately rejected, and its denial did not result in an abuse of discretion.

---

[2] Amendment 782 "revises the guidelines applicable to drug trafficking offenses by changing how the base offense levels in the Drug Quantity Table in §2D1.1 . . . incorporate the statutory mandatory minimum penalties for such offenses"; in particular, it "reduces by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties."  U.S. SENTENCING GUIDELINES MANUAL, SUPPLEMENT TO APPENDIX C, amend. 782, at 70 (U.S. Sentencing Comm'n 2016).

No. 15-20662

Chapple, relying on habeas corpus jurisprudence and quoting language from *Garlotte*, 515 U.S. at 40, argues that he is serving what amounts to a "continuous stream" of imprisonment. As such, Chapple contends, the district court should have "aggregat[ed] the consecutive sentences for the purpose of a retroactive sentence reduction [that] would advance [his] release date."[3] Chapple also cites to 18 U.S.C. § 3584(c), which states that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). The Government counters that *Garlotte* pertains to the habeas corpus context, which is not subject to the limitation in § 1B1.10(b)(2)(C) that "[i]n no event may the reduced term of imprisonment [due to a retroactive Guidelines Amendment] be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C). The Government further responds that § 3584 only applies to aggregation "for administrative purposes" and does not impact the court's judicial discretion under § 3582. We find the Government's argument, based on § 1B1.10(b)(2)(C), to be more sound.

Although this question has not been previously addressed in this Circuit, it has been addressed in other circuits.[4] Indeed, the First Circuit's decision in *United States v. Vaughn*, 806 F.3d 640 (1st Cir. 2015), contains facts that are very similar to those of the instant case. In *Vaughn*, the First Circuit affirmed the district court's denial of Vaughn's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Vaughn had received two separate convictions for two

---

[3] Chapple claims that if Amendment 782 had been in place when he was sentenced, "he would have been sentenced to to [sic] 57-71 months (i.e., approximately 16-30 months less than the sentence he actually received) . . . ." Accordingly, the sentence reduction "would advance his release date by no less than 16-30 months."

[4] *See, e.g.*, *United States v. Parker*, 472 F. App'x 415, 417 (7th Cir. 2012); *United States v. Gamble*, 572 F.3d 472, 474-75 (8th Cir. 2009).

different crimes, on separate instances, from two different judges. *Vaughn*, 806 F.3d at 641. Vaughn's second sentence was to run consecutively to his first sentence. *Id.* at 642. While serving his second sentence, Vaughn made a motion in the district court for a § 3582(c)(2) reduction in his previously served sentence based on Amendments 782 and 788 to the Sentencing Guidelines. *Id.* To support his argument, Vaughn—like Chapple—referred to *Garlotte* and the habeas "in custody" requirement. *Id.* at 645. The First Circuit distinguished habeas as a "unique context" and affirmed the district court's denial of the sentence reduction on the basis of § 1B1.10(b)(2)(C). *Id.* at 643, 645. We agree.

The *Vaughn* court did not find it necessary to address whether the timing of the imposition of the sentences was material; that is, whether "simultaneously imposed consecutive sentences" might be aggregated, whereas sentences that were imposed separately might not be.[5] *Vaughn*, 806 F.3d at 644. The court did note with respect to the timing that "[t]here is no . . . fairness concern when, as here, a defendant commits a crime while incarcerated and receives an additional consecutive sentence while he is already serving the first sentence." *Id.* Similarly, Chapple received his consecutive sentences on separate occasions. Thus, we find it unnecessary to address the possibility that simultaneously imposed sentences might raise fairness concerns.

Moreover, we find that Chapple's argument that the district court's denial of the § 3582(c)(2) motion violates his rights under the Due Process

---

[5] For example, in *Garlotte* the consecutive sentences of three years and life imprisonment were simultaneously imposed. *Garlotte*, 515 U.S. at 44–45. The *Vaughn* court was sure to note that it "express[ed] no opinion on the question" of "whether it was necessary to the [*Garlotte*] Court's holding that the consecutive sentences there were simultaneously imposed." *Vaughn*, 806 F.3d at 645 & n.3. Even if such a situation affects the analysis, it is not apparent that this distinction would carry over into the § 3582(c)(2) context; the concept of "in custody" for the purposes of habeas proceedings has been "very liberally construed" by the Supreme Court. *Id.* at 645 (quoting *Garlotte*, 515 U.S. at 45).

No. 15-20662

Clauses of the Fifth and Fourteenth Amendments fails under plain error review.  No error has occurred because the granting of a sentence reduction is discretionary.  *See Evans*, 587 F.3d at 673 & n.9.  In any event, the district court's understanding of § 1B1.10(b)(2)(C) was correct.

IV.

In sum, we find that the district court did not abuse its discretion in denying Chapple's § 3582(c)(2) motion for a reduction in his previously served sentence.  Accordingly, we AFFIRM.