# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40575
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LUIS ENRIQUE RAMIREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-424-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Luis Enrique Ramirez pleaded guilty to conspiring to transport illegal aliens, bringing illegal aliens into the United States, bribery, and possession with intent to distribute cocaine, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and (II), 1324(a)(2)(B)(ii); 18 U.S.C. § 201(b)(2)(A) and (C); 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and 18 U.S.C. § 2. His objections to the presentence investigation report resulted in the reduction of his offense level from 43 to 40,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-40575

and the court granted a downward departure of approximately 40% on the Government's motion.  Ramirez was sentenced to 204 months for the drug offense and lesser concurrent sentences for the other crimes.  He waived his right to appeal or collaterally challenge the judgment.

Ramirez moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines, which retroactively lowered many drug-related base offense levels by two levels.  *See United States v. Chapple*, 847 F.3d 227, 228 (5th Cir. 2017).  Through appointed counsel, Ramirez asked that his Guidelines sentencing range for the drug count be reduced to 141 to 175 months based on an offense level of 38 and the same degree of downward departure that the court originally granted.  The court declined to reduce the sentence.  Ramirez proceeds *pro se* on appeal.

The court properly determined Ramirez was eligible for a reduction and, therefore, did not commit an error of law.  *See Dillon v. United States*, 560 U.S. 817, 826 (2010).  Nonetheless, the court concluded no reduction was warranted because the original "sentence was and is appropriate under 18 U.S.C. § 3553(a), especially given the nature and circumstances of the offense and the nature and extent of the defendant's involvement therein".  The court thus considered the relevant sentencing factors and did not abuse its discretion by declining to reduce the sentence.  *See United States v. Evans*, 587 F.3d 667, 673–74 (5th Cir. 2009).

AFFIRMED.