# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11454
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAGDALENO TORRES-LOZANO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-72-1

Before STEWART, Chief Judge, and SMITH and OWEN, Circuit Judges.

PER CURIAM:[*]

Magdaleno Torres-Lozano appeals the within-guidelines sentence imposed following his guilty plea conviction for being an alien found in the United States after having been deported and removed previously. The district court sentenced Torres-Lozano to 23 months of imprisonment and one year of supervised release. Torres-Lozano contends that the district court's reference to the dangerous combination of people illegally present in the United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and driving while intoxicated (DWI) was an improper factor on which to base his sentence.  Based on the Government's waiver of the timeliness bar, we consider the merits of this challenge despite the untimely notice of appeal.  *See United States v. Chapple*, 847 F.3d 227, 228-29 (5th Cir. 2017).

As Torres-Lozano acknowledges, his failure to object to the reasonableness of the sentence in the district court results in plain error review.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  He preserves for further review his challenge to *Peltier*, which remains controlling precedent in this circuit.  *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009).  To show the requisite plain error, Torres-Lozano must demonstrate a clear or obvious forfeited error that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the party makes that showing, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks, brackets, and citation omitted).  The burden of establishing entitlement to relief for plain error is on the party claiming it.  *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004).  Meeting all four prongs of the plain error standard "is difficult, as it should be."  *Puckett*, 556 U.S. at 135 (internal quotation marks and citation omitted).

Torres-Lozano has not shown that any error was clear or obvious because he has not cited to any binding precedent showing that the district court's alleged reliance on the combination of his immigration status and DWI was an improper factor.  *See United States v. Rodriguez-Parra*, 581 F.3d 227, 230-31 (5th Cir. 2009).  It is also not clear or obvious from the record that the district court gave significant weight to Torres-Lozano's illegal status.  *See United States v. Heard*, 709 F.3d 413, 424-24 (5th Cir. 2013).  Given the permissible factors relied upon by the sentencing court, Torres-Lozano also

No. 18-11454

cannot show that any error affected his substantial rights. *See Peltier*, 505 F.3d at 393-94; *United States v. Jones*, 444 F.3d 430, 438 (5th Cir. 2006).

Accordingly, the district court's judgment is AFFIRMED.