# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30892
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HORACE L. HANZY, JR., also known as Horace Lee Hanzy, Jr.,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-301-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Horace L. Hanzy, Jr., federal prisoner # 28630-034, appearing *pro se* and *in forma pauperis*, challenges the denial of his motion for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (FSA). His sentence of, *inter alia*, 140-months' imprisonment and five-years' supervised release was imposed upon his pleading guilty in 2004 to possession, with intent to distribute, at least 50 grams of cocaine base and

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-30892

possession, with intent to distribute, cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(C).   Hanzy's imprisonment, but not his supervised release, was reduced in 2008 pursuant to 18 U.S.C. § 3582(c)(2). Although Hanzy completed serving his federal imprisonment, and began serving his term of supervised release in 2012, he is in state custody in connection with new and unrelated charges.  As a result, the federal probation office alleged in 2016 that Hanzy had violated the terms of his supervised release.

A district court's decision not to reduce a sentence pursuant to the FSA is reviewed for abuse of discretion.  *United States v. Jackson,* 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied,* 2020 WL 1906710 (U.S. 20 Apr. 2020).   Further, because "'nothing' in the FSA 'shall be construed to require a court to reduce any sentence'", *id.* at 321 (quoting FSA § 404(c), 132 Stat. at 5222), our court has held the FSA "leaves the choice whether to resentence to the district court's sound discretion".  *Id.* at 321 n.5 (quoting *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019)).  For the reasons that follow, Hanzy fails to show an abuse of discretion.

In contending the district court erred in denying his motion to reduce his sentence under the FSA, Hanzy claims our court should resentence him to 70-months' imprisonment and a three-year term of supervised release because: the sentence for his cocaine-base offense now falls under 21 U.S.C. § 841(b)(1)(B), which he states provides for a three-year maximum term of supervised release; his proposed sentence falls at the low end of his now-applicable Sentencing Guideline range and his original sentence fell at the low end of his then-applicable range; and the district court in a district outside the one in which his FSA motion was denied recently resentenced a defendant in this manner in a similar case (citing *United States v. King*, No. 2:00-CR-00034

No. 19-30892

(S.D. Miss. 10 Dec. 2019) (order terminating supervised release due to defendant's having overserved his sentence)).

Because Hanzy completed his federal term of imprisonment, he is ineligible for a reduction in his term of imprisonment. *See United States v. Chapple*, 847 F.3d 227, 228 (5th Cir. 2017).

Regarding supervised release, although the district court's original order did not give its reasons for denying Hanzy's motion, in its order denying Hanzy's motion to alter or amend judgment, the court explained it declined to exercise its discretion to reduce that term of supervised release because: Hanzy was mistaken in his assertion regarding 21 U.S.C. § 841(b)(1)(B)'s limitation on his term of supervised release because it provides a term of *at least* four years of supervised release; and Hanzy was attempting to escape the consequences of his alleged violation of supervised release based on his being arrested on 29 September 2016. Further, the court cited *United States v. Lutcher*, No. 03-338, 2019 WL 3006414, at *4 (E.D. La. 10 July 2019), in which the district court declined to reduce a prisoner's term of supervised release, after reducing the prisoner's term of imprisonment under the FSA, due to his extensive criminal history. Hanzy does not explain how the court abused its discretion in so ruling.

Finally, Hanzy's reliance on *King* fails. "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (citation omitted). And, to the extent Hanzy contends *King* should function as persuasive authority, it is factually distinguishable. In that case, the court discontinued defendant's supervised release based on defendant's having overserved his sentence,

No. 19-30892

accruing an over-served credit totaling 78 months.  Hanzy, by contrast, fails to make that showing for his sentence, including his supervised release.

AFFIRMED.