# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2021

Lyle W. Cayce
Clerk

No. 20-20470
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Robert Byrd,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-163-1

---

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Joshua Robert Byrd appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20470

I

On June 9, 2017, Byrd pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to 78 months' imprisonment and is currently in the custody of the Bureau of Prisons ("BOP") at FCI Beaumont Medium, in Beaumont, Texas.

On June 18, 2020, after exhausting his administrative remedies, Byrd filed an amended motion for compassionate release in the district court. He argued that, in light of his personal health conditions, the COVID-19 pandemic poses a serious risk to his health so long as he remains incarcerated. Specifically, Byrd alleged that he suffers from hypertension and hyperlipidemia and claimed that these conditions heighten his risk of severe illness or death if he contracts COVID-19. He also claimed that Lisinopril, a medication he takes to manage his hypertension, increases his risk of contracting a more serious case of COVID-19. Finally, he reported that in 2006 he suffered a gunshot wound that required a portion of his lung to be removed, reducing his breathing capacity. Byrd is 34 years old.

On August 24, 2020, the district court denied Byrd's motion. Relevant here, the court concluded that Byrd did not establish "extraordinary and compelling reasons" justifying a sentence reduction. Byrd filed a timely notice of appeal.

II

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

No. 20-20470

A district court's denial of a motion for compassionate release is reviewed for abuse of discretion. *Id.* at 693. A court abuses its discretion in this context if it "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (quoting *United States v. Chapple*, 847 F.3d 227, 229 (5th Cir. 2017)). Therefore, when reviewing a district court's denial of compassionate release, "we give deference to the district court's decision and note that reversal is *not* justified where 'the appellate court might reasonably have concluded that a different sentence was appropriate.'" *Id.* (emphasis added) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

III

Byrd claims the district court "(1) legally erred by misunderstanding the breadth of its authority to grant [his] motion, (2) legally erred by misunderstanding its authority to impose home confinement as a condition of supervised release, and (3) based its decision on a clearly erroneous assessment of the evidence." We take each argument in turn.

A

Byrd's first argument is that the district court committed legal error by treating the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 as a binding definition of what constitutes an "extraordinary and compelling circumstance" for purposes of his motion. He contends that § 1B1.13 is inapplicable to compassionate release motions brought by defendants and that by erroneously treating its definitions as binding on the court, the district court legally erred by not recognizing the full extent of its authority to grant his motion. *See also United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) (holding that § 1B1.13 is not "applicable" to compassionate release motions brought by defendants).

We need not decide whether § 1B1.13 is applicable to compassionate release motions brought by defendants. That is because the district court did

3

not treat the definitions in § 1B1.13 as binding in denying Byrd's motion. In a footnote, the district court recognized that it was "debatable" whether § 1B1.13 was binding but concluded that, regardless, the Sentencing Commission's policy statement "continues to provide helpful guidance concerning whether extraordinary and compelling reasons warrant a sentence reduction under § 3852(c)(1)(A)." It then proceeded to analyze Byrd's medical claims, including by comparing them to the considerations set forth in § 1B1.13.

In other words, "there is no indication in the district court's order that it treated U.S.S.G. § 1B1.13 as the dispositive boundary of what may be judicially determined to be extraordinary and compelling reasons for a sentence reduction for medical reasons." *United States v. Gonzales*, 819 F. App'x 283, 284 (5th Cir. 2020) (per curiam) (unpublished) (internal quotation marks omitted). Rather, it "relied on its own judgment in denying [Byrd's] motion." *Id.* Byrd's argument is therefore unavailing.

B

Next, Byrd contends the district court legally erred by concluding that it did not have the authority to order Byrd to serve his sentence in home confinement as a condition of supervised release. But the district court did not reach such a conclusion. The court only noted, in a footnote, that to the extent Byrd sought a release to home confinement pursuant to 34 U.S.C. § 60541, that was a matter left to the discretion of the Attorney General in accordance with the terms of § 60541. The court did not address whether home confinement would be a suitable condition of supervised release as part of a reduced sentence, presumably because it concluded Byrd was not eligible for a reduced sentence. Thus, Byrd's claim here fails.

No. 20-20470

## C

Finally, Byrd argues the district court abused its discretion by basing its decision on a clearly erroneous assessment of the evidence. Specifically, he claims that the district court placed too much emphasis on his relatively young age and failed to adequately consider the risks surrounding his particular medical circumstances. We disagree.

While the district court cited Byrd's young age as a factor in its decision, it duly considered whether his medical conditions constituted extraordinary and compelling reasons to justify a sentence reduction in light of the COVID-19 pandemic. In particular, the court addressed the cases cited by Byrd where other courts had found that hypertension combined with other factors constituted extraordinary and compelling reasons to warrant compassionate release due to COVID-19. It concluded these cases were distinguishable from Byrd's situation and provided reasonable explanations why. It further considered cases where courts had reached the opposite conclusion—that hypertension and other complicating factors were not extraordinary and compelling reasons justifying release. In addition to this caselaw, the court reviewed Byrd's medical records and final presentence report. After completing this review, it concluded Byrd's circumstances did not rise to the level of "extraordinary and compelling reasons" to grant the sentence reduction he sought.

While Byrd disagrees with the conclusion the district court reached, he has not demonstrated that the court's assessment of the evidence was clearly erroneous.[1] We therefore conclude that the district court did not abuse its discretion in denying Byrd's motion for compassionate release.

---

[1] Byrd also argues the district court committed clear error in its evaluation of the § 3553(a) factors. But the court only evaluated the § 3553(a) factors as an alternative basis

5

No. 20-20470

IV

The district court's decision denying Byrd's motion for compassionate release is AFFIRMED.

---

to its holding, assuming *arguendo* that Byrd has presented extraordinary and compelling reasons supporting a sentence reduction. Since we conclude that the district court did not err in the first instance, we need not address the district court's alternative rationales. Separately, Byrd argues that the court clearly erred by not considering his assertions that he had a concrete employment plan if released and that he had a near-perfect disciplinary record while in custody. But the district court did not need to reach these considerations because it concluded that Byrd's medical circumstances did not warrant a sentence reduction.