# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2022

Lyle W. Cayce
Clerk

No. 21-10392
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANDRE BICKENS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-68-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.
PER CURIAM:*

The district court sentenced Andre Bickens to 270 months' imprisonment following a guilty plea in 1999. In 2021, Bickens filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) arguing that he had shown extraordinary and compelling reasons for a sentence reduction

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10392

based on his medical conditions and based upon a claim that, under U.S.S.G. § 5G1.3(b), his 270-month federal sentence should have been ordered to run concurrently with a state parole revocation sentence. The district court denied Bickens's motion for compassionate release, concluding that Bickens's medical condition did not constitute an extraordinary and compelling circumstance but failed to address the § 5G1.3 argument.[1] On limited remand, the district court explained that Bickens was not entitled under § 5G1.3(b) to have his federal sentence run concurrently with his state parole revocation sentence, and, thus, he had not shown an extraordinary and compelling reason for a sentence reduction.

We review a district court's denial of a § 3582(c)(1)(A) motion for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "A court abuses its discretion if it 'bases its decision on an error of law or a clearly erroneous assessment of the evidence.'" *Id.* (quoting *United States v. Chapple*, 847 F.3d 227, 229 (5th Cir. 2017)).

Bickens has not challenged the district court's determination that his medical conditions did not constitute extraordinary and compelling reasons, nor does he argue that the district court incorrectly believed it was bound by the policy statements issued by the Sentencing Commission. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). He has thus abandoned those arguments. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Moreover, on limited remand, the district court acknowledged it was not bound by the policy statements and reached the same conclusion.

The district court did not abuse its discretion in determining that Bickens had not shown an extraordinary and compelling reason for a sentence

---

[1] The district court has since reduced Bickens's 270-month sentence to 228 months in response to a separate motion under 18 U.S.C. § 3582(c)(2).

reduction because he was not entitled to have his federal sentence run concurrently with his state parole revocation sentence. To the district court, Bickens argued that the two sentences should have been ordered to run concurrently because the parole revocation sentence was an "undischarged term of imprisonment" that "resulted from another offense that is relevant conduct to the instant offense of conviction." U.S.S.G. § 5G1.3(b) (2016).

However, under the 1998 Sentencing Guidelines, which were used at Bickens's 1999 sentencing, § 5G1.3(b) stated that a sentence should be imposed to run concurrently with an undischarged term of imprisonment that "resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense." U.S.S.G. § 5G1.3 (1998). In addition, the applicable Guidelines commentary stated that

> [i]f the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, *the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release* in order to provide an incremental penalty for the violation of probation, parole, or supervised release.

*Id.* cmt. 6 (emphasis added). Neither the parole revocation nor the conduct that gave rise to the parole revocation was "taken into account in the determination of" Bickens's offense level, and the state sentence he argues should have run concurrently was "imposed for the violation of . . . parole." U.S.S.G. § 5G1.3(b) & cmt. 6 (1998). Because Bickens was not entitled to a concurrent sentence, the decision not to run his federal sentence concurrently with his state parole revocation sentence does not constitute an extraordinary and compelling reason for a sentence reduction.

Accordingly, the judgment of the district court is AFFIRMED.