# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2022

Lyle W. Cayce
Clerk

No. 21-10738

United States of America,

*Plaintiff—Appellee*,

*versus*

Herbert Philip Anderson, also known as Andy,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 4:21-CV-844 & 4:09-CR-115-8

---

Before Jones, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:*

Herbert Phillip Anderson appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Because we conclude that the district court did not abuse its discretion in denying Anderson's motion, we affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10738

## I. FACTUAL & PROCEDURAL BACKGROUND

Anderson, federal prisoner # 39049-177, was convicted by a jury of (1) conspiracy to distribute and possession with intent to distribute more than 500 grams of methamphetamine, and (2) money laundering. In May 2010, the district court imposed a bottom-of-the-guidelines sentence of 360 months of imprisonment on the methamphetamine conspiracy offense and a concurrent term of 240 months of imprisonment on the money laundering offense, to be followed by a five-year term of supervised release. This court affirmed Anderson's convictions and sentences. *See United States v. Holt*, 493 F. App'x 515, 524 (5th Cir. 2012).

In July 2021, Anderson filed a motion for compassionate release pursuant to § 3582(c)(1)(A), along with a supporting memorandum. In his motion, he argued that the COVID-19 pandemic presented challenges for him because he was housed in a crowded dormitory where staff and other inmates failed to take adequate precautions against the spread of the virus. He stated that he was 57 years old and suffered from a variety of maladies that placed him at a higher risk of illness from COVID-19 such as diabetes, hypertension, asthma, and chronic kidney disease. He claimed that he had previously contracted COVID-19 and that he was currently suffering from "long hauler problems." He alleged that the Bureau of Prisons ("BOP") was unable to provide adequate medical care for him due to the disruptions caused by the pandemic. According to Anderson, the above circumstances constituted extraordinary and compelling reasons warranting compassionate release. He also claimed that he has a good prison record, was not a threat or a danger to the community, and that the 18 U.S.C. § 3553(a) sentencing factors weighed in favor of his request for compassionate release.

The district court denied Anderson's compassionate release motion. In doing so, it noted that the provisions of the Sentencing Guidelines and the

No. 21-10738

commentary relating to compassionate release motions were not binding, but that it could use the relevant policy statement "as a tool" in its review of the motion. It observed that Anderson was 57 years old and "appears to have some medical issues," but it was not convinced that his conditions qualified as extraordinary or compelling. It also pointed out that Anderson did not "meet any other criteria of the policy statement." It then briefly summarized Anderson's criminal record, recognizing that he had received sentencing enhancements for possession of firearms and for committing perjury at trial, and concluded that it could not "find that [Anderson] is not a danger to the community." Finally, it explained that it had "considered all the factors set forth in 18 U.S.C. § 3553(a)" and was "not persuaded that relief should be granted." Anderson filed this appeal.

## II. STANDARD OF REVIEW

We review a district court's decision denying compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court abuses its discretion if it "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (quoting *United States v. Chapple*, 847 F.3d 227, 229 (5th Cir. 2017)).

## III. DISCUSSION

Anderson has filed a pro se brief challenging the district court's denial of his compassionate release motion. The Government avers that the district court's denial of the compassionate release motion can be affirmed based on the reasons given by the district court, including its determination that the § 3553(a) factors do not warrant relief.[1] We agree with the Government.

---

[1] The Government submitted a letter to this court stating its position on this case but did not participate in the proceedings below and did not file an appellate brief.

No. 21-10738

A district court may grant a prisoner compassionate release pursuant to § 3582(c)(1)(A). *United States v. Shkambi*, 993 F.3d 388, 390 (5th Cir. 2021). Prior to the First Step Act of 2018,[2] such relief could be granted only pursuant to a motion by the BOP. *Id.* at 391. However, the First Step Act amended § 3582(c)(1)(A) to allow a defendant to file his own motion in the district court after fully exhausting his administrative rights to appeal the BOP's failure to bring such a motion on his behalf or the lapse of 30 days after the warden's receipt of his request. *Id.* at 391–92.

Section 3582(c)(1)(A) authorizes a district court to modify a defendant's term of imprisonment, after considering the applicable § 3553(a) factors, if the court finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The policy statement at § 1B1.13 applies to § 3582(c)(1)(A) motions brought by the BOP, and it has not been amended since the First Step Act allowed prisoners to file their own motions for compassionate release.[3] *See United States v. Cooper*, 996 F.3d 283, 287-88 (5th Cir. 2021); *Shkambi*, 993 F.3d at 391–92; *see* U.S.S.G. § 1B1.13, p.s., comment. (n.4). The commentary to § 1B1.13 "articulate[s] four categories of 'extraordinary and compelling reasons' that could warrant a sentence reduction: (A) medical conditions of the defendant; (B) age of the defendant; (C) family circumstances; and (D) other reasons." *Shkambi*, 993 F.3d at 391; *see* § 1B1.13, p.s., comment. (n.1). Regarding medical conditions, the commentary indicates that extraordinary and compelling reasons exist if the defendant (1) "is suffering from a terminal

---

[2] Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194 (2018).

[3] To date, the Sentencing Commission has not issued a policy statement that governs § 3582(c)(1)(A) motions brought by prisoners. *See Cooper*, 996 F.3d at 287; *Shkambi*, 993 F.3d at 392.

illness (i.e., a serious and advanced illness with an end of life trajectory)" or (2) has a substantially diminished ability "to provide self-care within the environment of a correctional facility" due to one of the following conditions from which he is not expected to recover: "a serious physical or medical condition," "a serious functional or cognitive impairment," or deterioration of "physical or mental health because of the aging process." § 1B1.13, p.s., comment. (n.1(A)). Another standard for compassionate release that appears in § 1B1.13 is a requirement that the district court determine that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13(2), p.s.

In *Thompson*, this court treated the commentary to § 1B1.13 as "not dispositive," but determined that it "informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). *Thompson* involved a defendant in his forties who suffered from hypertension and high cholesterol, which placed him at a higher risk of severe symptoms should he contract COVID-19. *See id.* at 432. We upheld the district court's denial of compassionate release on grounds that Thompson's medical conditions did not constitute an "extraordinary and compelling reason" within the meaning of § 1B1.13 and its commentary. *See id.* at 433–44. There, we explained that "[f]ear of COVID doesn't automatically entitle a prisoner to release" and that Thompson had failed to point to a "case in which a court, on account of the pandemic, has granted compassionate release to an otherwise healthy defendant with two, well-controlled, chronic medical conditions and who had completed less than half of his sentence." *Id.* at 435.

Our reasoning in *Thompson* also applies here. As was the case in *Thompson*, Anderson has clearly not served "the lion's share" of his sentence. *Id.* at 434–35. To date, Anderson has only served approximately 12

years of his concurrent 30-year and 20-year sentences. Although Anderson has several medical conditions, there is no evidence in the record to suggest that any of his conditions are terminal illnesses or that he has a condition that "substantially diminishes" his ability "to provide self-care." *Id.* at 433–34 (quoting U.S.S.G. § 1B1.13 comment. n.1(A)). Moreover, our review of Anderson's criminal record supports the district court's statement that it "cannot find that [Anderson] is not a danger to the community." In addition to Anderson's current drug and money laundering convictions, and his sentencing enhancements for committing perjury at trial and illegal possession of firearms, he has a prolonged criminal history dating back to 1986. Further, the district court's statements that Anderson did not "meet any other criteria of the policy statement" and that it had "considered all the factors set forth in 18 U.S.C. § 3553(a)" and was "not persuaded that relief should be granted" provide additional support for its judgment denying relief.

Given the record evidence and the district court's stated reasoning for denying Anderson's motion, we are not persuaded that it "base[d] its decision on an error of law or a clearly erroneous assessment of the evidence." *Chambliss*, 948 F.3d at 693. Consequently, we hold that the district court did not abuse its discretion in denying Anderson's motion for compassionate release. *Id.*

## IV. CONCLUSION

The district court's order is AFFIRMED. All pending motions are denied.