# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2022

Lyle W. Cayce
Clerk

No. 22-10484

United States of America,

*Plaintiff—Appellee*,

*versus*

Scott Allen Yrdanoff,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-193 -1

Before Jones, Southwick, and Ho, *Circuit Judges*.
Leslie H. Southwick, *Circuit Judge*:*

Scott Yrdanoff appeals the denial of his second[1] motion for compassionate release stemming from his terminal liver cancer diagnosis under 18 U.S.C. § 3582(c)(1)(A). He is currently serving a 324-month sentence after pleading guilty in October 2017 to one count of possession with

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Yrdanoff, *pro se*, filed a compassionate release motion in October 2021. The district court denied the motion. He appealed from the denial of that motion, and the appeal remains pending. *See United States v. Yrdanoff*, No. 21-11153 (5th Cir.).

intent to distribute a controlled substance.  In April 2022, the district court denied Yrdanoff's compassionate release motion.

A court may reduce a prisoner's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and if such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).  Although the district court is not bound by the policy statement that accompanies Section 3582, it must consider the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).  The district court also "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

We review the denial of a compassionate release motion for abuse of discretion.  *Id.*  Under this deferential standard, "reversal is not justified where 'the appellate court might reasonably have concluded that a different sentence was appropriate.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).  A court abuses its discretion when it "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (quoting *United States v. Chapple*, 847 F.3d 227, 229 (5th Cir. 2017)).

The district court here acknowledged Yrdanoff's diagnosis while correctly stating that a terminal prognosis alone "does not entitle [a prisoner] to release."  *See* § 3582(c)(1)(A). Although the court never affirmatively stated it assumed his terminal cancer qualified as an "extraordinary and compelling reason" under Section 3582(c)(1)(A)(i), "we have regularly affirmed the denial of a compassionate-release motion . . . where the district court's weighing of the Section 3553(a) factors can independently support its judgment." *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

No. 22-10484

The district court highlighted several factors under Section 3553(a) that weighed against release, including that Yrdanoff received a "three-level adjustment for being a manager/supervisor" in a methamphetamine conspiracy, that he committed the offense while on parole, and that he has an extensive criminal background of 16 convictions, 12 of which were felonies. *See* § 3553(a)(1). The court explained that, after considering the Section 3553(a) factors, it was denying relief because a sentence reduction "would not reflect the seriousness of [Yrdanoff's] conduct, promote respect for the law, provide just punishment, or afford adequate deterrence to criminal conduct." *See* § 3553(a)(2)(A)-(B).

On appeal, Yrdanoff argues the district court abused its discretion by failing to consider several additional, mandatory Section 3553(a) factors, including whether the sentence was greater than necessary, whether it was necessary to protect the public from further crimes, whether it would provide Yrdanoff with needed medical care, and whether the sentence length contributed to unwarranted disparities. *See* § 3553(a). Yrdanoff contends that if the district court had properly considered these factors, it would have granted the compassionate release motion based on Yrdanoff's good behavior in prison, non-violent criminal history, and terminal illness.

We have held that "the standard applicable to other motions for sentence reductions under § 3582(c)(2) is instructive" when deciding motions under Section 3582(c)(1)(A)(i). *Chambliss*, 948 F.3d at 693. Under that standard, "the judge need not provide a lengthy explanation if the 'context and the record' make clear" the basis for the decision. *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). Similarly, district courts are not required to analyze every Section 3553(a) factor to justify their discretionary denial of a compassionate release motion if they have provided an adequate explanation. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (discussing the

Section 3553(a) factors in the context of imposing a non-Guidelines sentence).   The district court here provided several clearly articulated Section 3553(a) factors explaining its decision to deny release, including Yrdanoff's extensive criminal history, details regarding his underlying crime, and that he committed the crime in violation of his parole.  *See Chambliss*, 948 F.3d at 693-94.  Additionally, the district court stated it had "considered the factors set forth in 18 U.S.C. § 3553(a), [and] the court is not persuaded that relief should be granted."

We give deference to the district court's determination because "a sentencing judge is in a superior position to find facts and judge their import under [Section] 3553(a) in the individual case."  *Id.* at 693 (quoting *Gall*, 552 U.S. at 51).  Although Yrdanoff "may disagree with how the district court balanced the § 3553(a) factors, that is not a sufficient ground for reversal."  *Id.* at 694.  The district court has provided an adequate explanation for its conclusion under its discretionary authority.  AFFIRMED.