# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-20422
_____

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Zebadiah Jerome Comb,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-575-6

_____

Before Jolly, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Zebadiah Comb appeals the district court's denial of his motion for compassionate release.[1] Because the district court did not abuse its discretion in denying relief, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] On July 11, 2024, we issued an unpublished, per curiam order. There, we ordered a limited remand to allow the district court to further explain its reasoning. On January 17, 2025, the district court issued an order in accordance with our remand. *United States v. Comb*, No. CR H-13-0575-06, 2025 WL 240954 (S.D. Tex. Jan. 17, 2025). The case is now ripe for review on the merits.

No. 23-20422

## I.

We review the ultimate decision to deny compassionate release for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may grant compassionate release only if, "after considering the factors set forth in [18 U.S.C.] § 3553(a)," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

## II.

Here, the district court sufficiently articulated its reasons for denying Comb's motion for compassionate release.[2] It also properly considered the § 3553(a) factors. We thus hold that the district court did not abuse its discretion, and its order denying relief is affirmed.

First, the district court considered Comb's COVID-19 related arguments. The district court noted that (1) "COVID-related concerns alone do not constitute extraordinary and compelling reasons" under § 3582(c)(1)(A)(1); (2) Comb failed to demonstrate that the Bureau of Prisons or his facility "is incapable of managing the COVID-19 pandemic or providing him other necessary medical treatment"; and (3) Comb failed to demonstrate that "he is suffering from a terminal illness or other medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover." In sum, the district court found that Comb's COVID-19

---

[2] Comb asserts four grounds for relief: (1) he suffers from "moderate asthma," making him susceptible to contracting severe COVID-19; (2) the COVID-19 pandemic made Comb's incarceration "harsher and more punitive than would otherwise have been the case"; (3) he made efforts to rehabilitate himself in prison; and (4) he was needed as the primary caregiver for his elderly, incapacitated mother who is scheduled to have heart surgery.

grounds were unpersuasive and that his asthma did not meet the definition provided in U.S.S.G. § 1B1.13.

Second, the district court considered Comb's rehabilitation argument. *Comb*, 2025 WL 240954 at *3. The district court noted that Comb's rehabilitation evidence is limited to his participation in Bureau of Prisons programs and determined "that is wholly inadequate for the court to conclude that Defendant's rehabilitation is 'beyond or out of the common order.'" *Id.* (quoting *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)). The district court further noted that rehabilitation alone is not an extraordinary and compelling circumstance to merit compassionate release. § 1B1.13(d).

Third, the district court considered Comb's argument that his need to care for his elderly mother warrants compassionate release. *Comb*, 2025 WL 240954 at *2. Comb's mother suffers from chronic illness, had recent surgeries related to blood clots, and was scheduled for heart surgery at the time Comb filed his motion. *Id.*, *id.* at n. 5. The district court was not persuaded that Comb's family circumstances warranted a reduced sentence because he had not shown that his mother's condition rose to the level of "incapacitation" nor that he would be her "only available caregiver." *Id.* at *3 (quoting § 1B1.13(b)(3)(C)).

Fourth, the district court weighed the 18 U.S.C. § 3553(a) factors[3] when considering relief. *Id.* The district court began by noting that the

---

[3] The factors are as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or

No. 23-20422

nature and circumstances of the offense are stark. Comb recruited for and coordinated a multi-defendant violent offense—a bank robbery—that resulted in armed men stealing over $10,000 and assaulting and injuring several people. *Id.* In denying relief, the district court further considered Comb's history and characteristics, particularly his prior offense and lengthy sentence for a similar but unrelated bank robbery. *Id.*

The district court further reasoned that its sentence is necessary "to afford adequate deterrence" and "to protect the public from further crimes of the defendant." § 3553(a)(2)(B), (C). It reasoned that Comb robbed a bank, served a lengthy sentence, then—upon release—planned another bank robbery. *Comb*, 2025 WL 240954 at *3.

The district court lastly addressed the sentencing disparity between Comb and his codefendants. *Id.* The district court determined that the "codefendants were subordinate to, coached by, and in some cases recruited by" Comb. *Id.* Comb's role thus justifies the disparity. *Id.*

After reviewing the factors, the district court determined that the § 3553(a) factors independently make a reduction inappropriate. *Id.*

---

vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;

(5) any pertinent policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553 (cleaned up).

No. 23-20422

\*    \*    \*

We have thus reviewed the district court's reasons for denying Comb's motion for compassionate release. We find no abuse of discretion. The district court did not "base[] its decision on an error of law or a clearly erroneous assessment of the evidence." *See United States v. Chapple*, 847 F.3d 227, 229 (5th Cir. 2017) (cleaned up). And although Comb may disagree with how the district court balanced the § 3553(a) factors, that is not a sufficient ground for reversal. *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

## III.

We conclude: for the above stated reasons, the district court did not abuse its discretion in denying Comb's motion for compassionate release.[4] Accordingly, the judgment of the district court is, in all respects,

AFFIRMED.

―――――――――――――――――――

[4] Comb's brief argues that we should reject the Government's request for sanctions. The district court never ruled on the issue, and it is unclear from the record whether the Government requested sanctions. We will assume that the Government requested sanctions and DENY that request, finding that sanctions would serve no necessary purpose at this point in these proceedings.