# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2025

Lyle W. Cayce
Clerk

No. 24-60387
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE GUADALUPE RAMIREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:22-CR-15-1

Before HAYNES, HIGGINSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Jose Guadalupe Ramirez, federal prisoner # 82910-509, is serving a 60-month sentence following his guilty plea conviction for interstate travel in aid of unlawful activity. He now appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence, which was based on Part B of Amendment 821 to the Sentencing Guidelines, and the denial of his

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

motion for reconsideration. *See United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008). Ramirez argues that the district court erred by failing to conduct a contemporaneous review of the 18 U.S.C. § 3553(a) factors at the time it denied its motion and instead relied on the analysis at the time of sentencing, without taking into account his personal history and characteristics, his positive post-sentencing conduct, and the lower likelihood of recidivism evidenced by the amendment to U.S.S.G. § 4C1.1.

We typically review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). However, Ramirez did not raise his argument in the district court, so we would review the claim for plain error. *See United States v. Chapple*, 847 F.3d 227, 229 (5th Cir. 2017). Regardless of the standard of review applied, Ramirez is not entitled to relief.

The district court's decision to deny relief was based on a conclusion that the 60-month sentence remained appropriate in light of the nature of the offense and the need for the sentence imposed. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). In addition, the district court explicitly rejected Ramirez's sentencing disparity argument, raised in his motion for reconsideration. *See* 18 U.S.C. § 3553(a)(6). Given the district court's references to and contemporaneous consideration of the § 3553(a) factors, it was not necessary for the district court to explicitly discuss the factors pressed by Ramirez. *See United States v. Henderson*, 636 F.3d 713, 718 (5th Cir. 2011).

Ramirez has failed to demonstrate any error by the district court, plain or otherwise. Accordingly, the decision of the district court is AFFIRMED.