[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14471

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICHARD A. JILES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:15-cr-00194-LGW-CLR-1

_____

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Defendant-Appellant Richard Jiles appeals pro se two district court orders: (1) the district court order denying his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release under the First Step Act of 2018, and (2) the district court order denying his motion to reconsider that decision. He argues that the district court abused its discretion in weighing the 18 U.S.C. § 3553(a) factors and by insufficiently explaining its decision. After careful review, we affirm.

I.

In November 2015, a grand jury indicted Jiles on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He pled guilty in January 2016 and was sentenced in March 2016. At his sentencing, the district court adopted the Presentence Investigation Report's (PSI) facts and guidelines recommendation. The PSI stated that Jiles qualified as an armed career criminal because he had at least three prior convictions for serious drug offenses or violent felonies. The district court stated that it "considered all of the [§] 3553 factors," noting among its justifications that Jiles had committed the instant offense while on probation. The district court then sentenced him to 180 months' imprisonment, to be served consecutively to his revoked probation, followed by five-years' supervised release.

20-14471                Opinion of the Court                3

Proceeding pro se, Jiles moved for compassionate release in September 2020. In his motion, he argued that his health was deteriorating (and included medical evidence), and specific conditions put him at elevated risk for COVID-19. These conditions included, among others, having suffered a stroke leaving him dependent on a cane to walk and undergoing heart surgery after being previously shot in the heart. He also argued that he was not convicted of any violent offenses, had not violated prison rules, did not pose a danger to the community if released, and met the Federal Bureau of Prisons Program Statement 5050.50 and U.S.S.G. § 1B1.13 criteria for a sentence reduction to time served.

The district court denied Jiles's motion for compassionate release. In its review, the district court noted his medical documentation and assumed that his medical conditions qualified as an extraordinary and compelling reason for his release. However, it ultimately decided that the balance of the § 3553 factors weighed against granting Jiles a sentence reduction. It noted three facts: (1) his criminal history, including his classification as an armed career criminal and guilty plea to the charge of being a felon in possession of a firearm; (2) his "demonstrated . . . inability to follow Court orders" because he committed the instant offense while on probation; and (3) he had nearly eight years left to serve on his federal sentence. Based on those facts, the district court determined that compassionate release "would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar

4                    Opinion of the Court                    20-14471

offenses." Jiles then filed a subsequent motion for reconsideration, which the district court also denied. In that denial, the district court commended Jiles for his behavior while incarcerated, but "f[ound] no reason to depart from" its original order.

## II.

We review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion for a sentence reduction for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). We also review a district court's denial of a motion for reconsideration for abuse of discretion. *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018). We liberally construe pro se filings. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009) (per curiam).

## III.

District courts lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). To grant a reduction under § 3582(c)(1)(A), a district court must find all the following conditions to be satisfied: "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021) (per curiam).

The district court must consider the following factors: the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing

Guidelines, any pertinent policy statement, the need to avoid disparate sentences, and the need to provide restitution to any victims.  18 U.S.C. § 3553(a)(1), (3)-(7).  The district court is not required to explicitly state that it considered each of the § 3553 factors or to discuss them.  *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).

However, an order denying compassionate release "must indicate that the court considered the [applicable] factors."  *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021) (internal quotation marks omitted and alteration in original).  Even though an exhaustive analysis is not necessary, the district court's order must merely provide sufficient analysis for meaningful appellate review.  *Id.*  Although the district court enjoys discretion with how it weighs the factors, it abuses this discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

In evaluating Jiles's motion for compassionate release, the district court made a reasonable determination that his criminal history, combined with the amount of time that he had left to serve, meant that compassionate release would not meet the sentencing goals under § 3553(a)(2)(A), (C).  The district court's discussion of Jiles's probation status at the time of the instant offense and his health concerns shows that it considered at least some of his

personal characteristics.  Additionally, the record supported all of the negative facts that the court considered, and they all related to one or more of the § 3553 factors.  The district court sufficiently explained its decision because it cited specific § 3553 factors and facts supporting those factors, and it did not need to explicitly address every § 3553 factor.  It did not abuse its discretion by failing to analyze his claim under U.S.S.G. § 1B1.13 because its decision rested on its assessment of the § 3553 factors.

We also find that the district court did not abuse its discretion in denying Jiles's motion for reconsideration.  We have previously held that "a motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment," including "new arguments that were previously available, but not pressed." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted).  Here, the district court already assumed that Jiles's medical conditions satisfied the extraordinary and compelling requirement, but the medical evidence that he submitted with his motion for reconsideration did not present new information that he could not have brought in his original motion.

The district court did not abuse its discretion in denying either of Jiles's motions, and thus, we affirm.

**AFFIRMED.**