[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-14095

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PATRICK HENRY JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:12-cr-60110-JIC-1

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Patrick Joseph, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for a sentence reduction. The government has moved for summary affirmance. Because there is no substantial question that the district court reached the correct conclusion, we grant the government's motion and affirm the district court's order. We also deny Joseph's motion for appointment of counsel as moot.

The district court construed Joseph's motion as a request for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the retroactive amendment to the Sentencing Guidelines in Amendment 782, which lowered the base offense levels for many drug offenses. *See United States v. Llewlyn*, 879 F.3d 1291, 1293 (11th Cir. 2018). We review a district court's conclusion about the scope of its authority to reduce a defendant's sentence under § 3582(c)(2) de novo. *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008). Summary affirmance is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Section 3582(c)(2) allows a district court to modify a term of imprisonment when the defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). But a defendant is not eligible for this reduction if an amendment to the sentencing range "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S. Sentencing Guidelines § 1B1.10 cmt. n.1(A) (Nov. 2018). An amendment does not authorize a sentence reduction under § 3582(c)(2) if it "reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentenced was based." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).

Joseph's offense level was based on the career offender enhancement of § 4B1.1 of the Guidelines, not the base offense levels for drug offenses under § 2D1.1. *See United States v. Lawson*, 686 F.3d 1317, 1319–21 (11th Cir. 2012). As a result, Amendment 782 did not lower his sentencing range. The district court correctly concluded that it lacked authority to modify Joseph's sentence under § 3582(c)(2) based on Amendment 782.

Joseph states in his brief on appeal that he is not a career offender. Although pro se briefs are construed liberally, he has abandoned that argument by raising it "in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *see Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). In any event, because

he was found to be a career offender at his original sentencing, the district court could not have made an inconsistent finding at this stage. *See United States v. Hamilton*, 715 F.3d 328, 340 (11th Cir. 2013); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). Joseph also discusses prisoners' eligibility for good-time credit under the First Step Act of 2018. He raises this issue for the first time on appeal, so we will not consider it. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

There is no substantial question that the district court properly denied Joseph's § 3582(c)(2) motion. We therefore **GRANT** the government's motion for summary affirmance. In his opening brief on appeal, Joseph requests the appointment of counsel to brief his reply, which we construe as a motion for appointment of counsel. Having decided the appeal, we **DENY** Joseph's motion as moot.

**AFFIRMED**.